EDWIN L. MACRILL, APPELLEE, v. CITY OF HARTINGTON,
APPELLANT.

FILED MAY 17, 1913.   No. 17,130.

1. **Pleading**: DEMURRER ORE TENUS. Where the objection that the
petition does not state a cause of action is made by demurrer
*ore tenus* after the commencement of the trial, the allegations of
the pleading will be liberally construed, and, if possible, sus-
tained.

2. **Appeal**: OBJECTION TO EVIDENCE. A judgment will not be reversed
for error in sustaining an objection to the evidence of a witness
upon a point which is otherwise well established by the testi-
mony.

3. **Municipal Corporations**: ACTION FOR PERSONAL INJURIES: ADMIS-
SION OF EVIDENCE. Where, in an action for personal injuries, the
evidence shows that the plaintiff's leg was dislocated, and that
as a result of the injury his right leg is one inch shorter than
the other, and that its movement is attended with pain and diffi-
culty, and that this condition is permanent, it is not prejudicially
erroneous to admit the Carlisle table of expectancy in evidence.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*B. Ready,* for appellant.

*H. E. Burkett, contra.*

LETTON, J.

This is an action to recover for personal injuries sus-
tained by the plaintiff by reason of falling upon a side-
walk in a street of the defendant city. The negligence
charged is "that on the 22d day of January, 1910, and for
a long time prior thereto, through the carelessness and
negligence of defendant, snow and ice had been allowed
to accumulate and remain upon the aforesaid sidewalk,
and through the carelessness and negligence of the de-
fendant the said accumulation of snow and ice was al-
lowed to remain upon said sidewalk for such a length of

time and to such an extent that the same formed an obstruction and nuisance there, and rendered travel over said sidewalk dangerous and hazardous." It is also alleged that, without any fault on his part, plaintiff slipped and fell on the snow and ice, dislocating his right hip-joint. The defense is a general denial and a plea of contributory negligence.

The plaintiff is a rural mail carrier, about 48 years of age. He testified that, while going from his home to the post office, his usual route was to cross the street to the walk by the public school, there being no walk on the side where he lived; that on the day alleged it was rather warm, and in the evening it started to freeze; that there had been more or less snow on the sidewalk until Christmas, and from that time on up to the day he fell, when it was snow and ice packed; that it was about 6:20 P. M. and dusk when he slipped; that the place where he slipped was just a trifle north of a tree which was about midway of the sidewalk north and south; that the greater portion of the walk north of the tree was covered with ice and snow, and for 12 to 15 feet south of the tree; that a part of the walk was free of ice, but the remainder was covered with snow and ice frozen together, and it was about six inches thick where he fell. On cross-examination he testified that for some time he did not walk upon the sidewalk because there was too much snow on it, and not until the school children made a path; that the ice extended the full width of the walk towards the tree, which stood higher than the walk.

The witness Whitney testified that from probably ten feet south of the tree, and running practically to the northeast corner of the block, there was snow, ice and frozen slush on the walk; that directly east of the tree there were three, four or five inches in depth frozen. On cross-examination he testified that he saw the walk the next evening after plaintiff fell; had not noticed it before; that there was ice and snow up to the school ground but that it was not in the same condition as on the walk, for

the reason that the walk had been traveled on and packed down more.

The janitor of the schoolhouse testified that he thought there was snow and ice on the sidewalk during all of the month of January; would not say it was there all the month; that he could not tell how long it had been on the walk just east of the tree on·the day plaintiff fell; that he first noticed snow and ice on the walk about a week before the accident; that he noticed the walk the next morning after it started to thaw, and he thought the ice was not over two inches thick and ran off ·to one-quarter of an inch, coming from the snow drifts east of the building across the walk.

The witness Davis testified that the ice and snow on the sidewalk on the 22d day of January east of the tree was from two to four inches deep. On cross-examination he said that he was over the walk almost every day during the week before the accident; that the snow was from six to eighteen inches thick and it was deeper in some places than in others; that children stepped in the slush and made tracks, and it had frozen after that.

J. A. Olsen testified that he was on the walk the next evening after the accident; that along the upper edge of the walk nearest the schoolhouse it was two inches thick, and gradually tapered off to the east; that the school grounds were higher than the walk, and water from the melting snow there would run across the walk.

Mr. Stephenson testified that the ice was less than three inches thick where Mr. Macrill fell. On cross-examination he said that there was slush, snow and ice combined and frozen on the walk. There was other testimony practically to the same effect.

Appellant first urges that the court should have sustained defendant's demurrer *ore tenus* to the petition on the ground that the allegations therein as to notice are insufficient. Where no attack is made on the petition until a jury is impaneled, it will be liberally construed. Surprises and traps are not to be favored by the courts. *Chi-*

*cago, B. & Q. R. Co. v. Spirk,* 51 Neb. 167.   We think the allegations, "that on the 22d day of January, 1910, and for a long time prior thereto,   *   *   *   snow and ice had been allowed to accumulate and remain" on the walk, and the further allegation that this was permitted "for such a length of time and to such an extent that the same formed an obstruction and nuisance there," were sufficient as against such a demurrer.   A motion might have been made to make these allegations as to constructive notice more specific and definite, but this was not done.

It is next urged that the court erred in excluding the testimony of the witness Alvin Olsen that water from the melting snow banks on the school grounds appeared to have run across the walk and caused the slippery and icy condition at the place where plaintiff fell.   This witness had already testified there was a snow drift on the school grounds on the east side of the schoolhouse; that the ice was two inches thick on the west side of the walk, and tapered to the east side; and that water had run from the bank.   It would have been just as well to allow the witness to answer as to where the water ran, but taking the whole testimony of this witness, together with that of other witnesses for the defendant, it is shown without dispute that there was snow east of the schoolhouse, which had melted, and part of the water therefrom had run across the walk.   This fact appears so clearly that we think no prejudicial error occurred by sustaining the objection to the question.

The remaining contentions of plaintiff relate principally to the sufficiency of the evidence to support the verdict.   We think the evidence shows that snow and ice, and, when the weather was warm, slush, had been permitted to remain upon the walk, at and near where the plaintiff fell, for at least three weeks before the time of the accident, and that the fact that water from melting snow flowed to and across the sidewalk, at a point where snow or ice had been permitted to accumulate for some time before, would only add another element to the dan-

gerous condition, and would in nowise relieve the defendant from its duty to use reasonable care to keep its sidewalks in proper condition. The question of whether reasonable care had been used was left to the jury. That body thought the evidence was sufficient, and we think its conclusion is justified.

The complaint that it was error to admit the Carlisle table in evidence, we think, is also without merit. The evidence shows that the plaintiff's right leg is one inch shorter than the other; that its movement is attended with difficulty and some pain, and that this condition is permanent. Complaint is also made of several instructions of the court. Taking the whole charge together, including the instructions given at the request of defendant, and applying it to the evidence, we are convinced that the defendant was in nowise prejudiced. The case seems to have been carefully and impartially tried.

Having reached these conclusions, the judgment of the district court must be, and is,

AFFIRMED.

REESE, C. J., BARNES and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.