FRANCIS THOMAS DORE, APPELLEE, v. OMAHA & COUNCIL
BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 4, 1914. No. 17,830.

1. **Trial: VERDICT.** The verdict of a jury finding generally in favor of a party to the suit is equivalent to a finding in favor of such party upon all the issues and evidence submitted to them.

2. **Carriers: CHILDREN AS PASSENGERS: CARE REQUIRED.** A street railway company is a common carrier of passengers and is subject to the rules of law governing such carriers. The degree of care and responsibility is greater when transporting children of tender years than when transporting adults and persons capable of caring for themselves.

3. **Appeal: EVIDENCE: FUNCTION OF JURY.** The jury are the judges of the credibility of witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested.

4. **Carriers: INJURY TO PASSENGER: NEGLIGENCE: QUESTION FOR JURY.** It cannot be said to be negligence, as matter of law, for a child of the age of seven years, after the giving of the signal for a street car to stop at the next street crossing, to leave his seat as the car approaches the desired crossing and stand in the doorway preparatory to leaving the car, when the car should stop at the indicated point for stopping.

5. **Damages: PERSONAL INJURIES: EVIDENCE.** It is not error for the court to permit the parents of an injured child to describe his sufferings, while confined to his bed, the length of time he was sick, and his habits and conduct before and after the injury, which might throw light upon the permanence and duration of the effects of such injury.

6. **Trial: INSTRUCTIONS: CONSTRUCTION.** In considering and construing instructions given by the court to a trial jury, the whole of the instructions given should be considered together.

7. **Damages.** The verdict for $1,500 *held*, under the evidence, not to be excessive.

8. **Trial: INSTRUCTIONS.** Instructions to the jury asked and refused are examined, some of which correctly state the law, but which were included by the court in those given upon its own motion. Those not given were properly refused.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*John L. Webster* and *W. J. Connell,* for appellant.

*Arthur H. Murdock* and *Arthur C. Pancoast, contra.*

REESE, C. J.

This is an action for personal injuries. Plaintiff being an infant sues by his next friend, John J. Dore. The uncontested facts are that on or about December 31, 1908, at the hour of about 4 o'clock in the afternoon, the plaintiff, a boy seven years of age, with his sister, a girl nine years of age, boarded a street car of defendant at Twenty-fourth and N streets, in South Omaha, to ride north to F street, in the vicinity of their home. They paid their fare and took seats near the rear door of the car. By some means the boy fell or was thrown from the car to the street, and received the injuries of which he complains. The street car was stopped. The conductor, with the help of others, picked up the boy and carried him into a nearby saloon. The girl started at once to notify their mother, and returned with her but met a physician and others taking the boy home, where he was placed on a bed, and the family physician sent for, who appeared in a very short time and ministered to plaintiff. The foregoing facts are substantially alleged in the petition, with the further averments that, after the children had proceeded to and passed G street and were approaching F street, the point of their destination, the sister arose from her seat, signaled and notified the conductor, who was in the forward part of the car, of their desire to disembark at F street, which they were approaching, but that the conductor paid no attention to said signal and notification and failed and refused to stop the car at the usual and proper place after crossing F street; that, as they came near the stopping place of the car, plaintiff left his seat, walking to the door, which he opened, and stood in the doorway preparatory to alighting from the car; that the conductor "recklessly, negligently and carelessly disregarded the safety of

said infant, Francis Thomas Dore, well knowing that said infant was standing in the rear of said car and was desirous of alighting therefrom at F street, refused and neglected to signal the car to stop, and when said car arrived at F street the employee of defendant herein, unmindful of the safety of said child, Francis Thomas Dore, negligently applied greater power to said car, thereby causing the car to give a sudden lurch forward, and by reason thereof the said Francis Thomas Dore lost his hold of the car as he was standing in the doorway of the car and was thrown violently out of said car, striking the guard-rail thereof, and onto the pavement of the street," receiving great and lasting injuries. Negligence is alleged in the failure to stop the car and in failing to exercise any care for the protection of said child. The negligence of the motorman is alleged by reason of his act in greatly increasing the power causing the car to give a great lurch, whereby plaintiff was injured by being thrown upon the pavement of the street striking his head and side, causing concussion of the brain, as well as internal injuries; that the injuries received are permanent; that before receiving them plaintiff was a strong, healthy and intelligent child, but that by reason thereof his health has greatly declined, and he has suffered both physically and mentally to his great and permanent damage, to the extent of $15,000, for which judgment was demanded.

The answer of defendant contains a number of specific denials, among which are that the sister notified the conductor that she and plaintiff desired to alight from the car at F street, that the conductor neglected plaintiff in any way, that he refused or neglected to signal the car to stop at F street, that the car gave a sudden jerk forward, and that by reason of any jerking of the car plaintiff was thrown out of the car and injured. The answer set up the facts of the entry and passage of the children on the car substantially as above stated; alleged that they appeared familiar with riding on street cars; that there was nothing in their conduct or appearance to indicate that they would attempt to leave the car while in motion; that with-

out any notice or warning given to the conductor, who was then engaged with other passengers, plaintiff suddenly left his seat in the car, went out onto the platform, and, while the .car was in motion at its usual rate of speed, wilfully and knowingly stepped from the car to the pavement; that the accident was the result of the wilful act of plaintiff in leaving his seat and stepping from the moving. car. There is also a general denial of the averments of the petition. The reply is a general denial of the allegations of the answer. There was a jury trial, which resulted in a verdict in favor of plaintiff for $1,500. A motion for new trial was filed, overruled, and judgment rendered on the verdict. Defendant appeals.

As is usual in such cases, there was a sharp conflict in the evidence bearing upon the facts of the cause of the accident. The plaintiff's evidence depended largely upon the testimony of the little girl and that of a lady who sat near them in the car, and upon the testimony of others, which in some degree, though slight, tended to corroborate certain portions of their evidence. As is well understood, these questions of conflict are solely for the consideration of the jury, and, where there is sufficient to sustain the verdict, it cannot be reviewed by the courts. There was sufficient, if believed by the jury, to sustain a finding that the ages of the children were as stated; that they boarded the car at Twenty-fourth and N streets, paid their fare, and were seated in the car near the rear door without any inquiry by the conductor as to their destination or where they desired to leave the car; that as the car approached F street, after passing G street, they both arose in their places, and the girl signaled to the conductor to stop the car at F street; that the conductor was looking at her at the time, but failed to signal to the motorman to stop the car; that, as the car approached F street, plaintiff went to the door, opened it, and was standing in the doorway, holding to the sides of the doorway, apparently waiting for the car to stop in order that he might leave it; that while he was thus standing, by a sudden increase of power, or otherwise, the car gave a lurch or jerk, by

which plaintiff was thrown to the rear platform, striking his head against an iron guard-rail, and thrown from the car upon the pavement, striking upon his head and side, by which, it seems, he was rendered unconscious and helpless; that the car was stopped after running a short distance, when the conductor went back to where he was lying, and, with the assistance of others, picked him up, carried him into a nearby saloon, where the conductor left him in charge of others and proceeded on his way with the car; that the child was assisted to his home, where he complained of his head and the soreness of his body, was at times delirious, was for a long time confined to his bed and room; that since his apparent and partial recovery he has lost in weight and mental power, and has never entirely recovered from the effects of the accident.

It was assigned in the motion for a new trial that the amount of the verdict was excessive. We cannot so conclude. Assuming, as we must, that the facts found by the jury are correct, we are unable to see that the verdict could have, rightfully, been for less.

The brief of appellant is exhaustive, and many cases are cited with extracts from the holdings of the various courts. The particular point to which those cases are cited is to the effect that a jerk or lurch of the car is not of itself evidence of negligence. The most, if not all, of the cases refer to the ordinary passenger being thrown from a car by reason of the jerk or jolt. Some of those cases seem to have been ignored by this court with refusal to follow them. *Omaha Street R. Co. v. Loehneisen,* 40 Neb. 37; *Stewart v. Omaha & C. B. Street R. Co.,* 83 Neb. 97. But, were such not the case, the rule of the cases cited could not be applied here. If the verdict of the jury is the equivalent to finding that the story stated by the little girl is true, which it must be conceded is the case, there is nothing upon which to found a contention that plaintiff was guilty of contributory negligence, even if the law would permit such a finding against one of his age, which is quite doubtful. *Richardson v. Nelson,* 221 Ill. 254; *Chicago City R. Co. v. Tuohy,* 196 Ill. 410; *Walbridge v. Schuylkill E. R.*

*Co.,* 190 Pa. St. 274; *Rolin v. Tobacco Co.,* 141 N. Car. 300; *Huff v. Ames,* 16 Neb. 139; *Railroad Co. v. Stout,* 17 Wall. (U. S.) 657; *Love v. Detroit, J. & C. R. Co.,* 170 Mich. 1. The strict rules of contributory negligence cannot be applied to a child of the age of plaintiff at that time. The facts necessarily found by the jury fail to show any negligence on his part, even could his age not excuse or exempt him from that charge.

It is insisted that the little girl's testimony was not entitled to belief, because unreasonable. That question was for the jury. They saw her upon the witness-stand, heard her testimony, and were impressed with the truth of her statements.

It is also claimed that the mere fact of the lurching or jerking of the car is no proof of negligence on the part of defendant. This, however, is not the whole case. The children boarded the car, rode to their destination, signaled the conductor, while standing, that they desired to alight. He looked at them, therefore saw them, but made no effort to stop the car. Defendant is a common carrier of passengers, and is under all the obligations of such carriers. *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672. When the conductor was notified to stop the car at F street, it was his duty to do so and to see that the children safely alighted therefrom. This was a failure of duty, a want of care, therefore negligence.

Objection is made to the ruling of the court in permitting the parents of plaintiff to testify to his condition before and after the accident, on the ground that no sufficient foundation was laid for such testimony. The physician had testified that he saw the boy in bed, bruises on his head, seemed numb and dazed and like he was suffering some pain, that there was a stiffness, and the bumps and bruises were on the back of his head and along his back; saw him the next day, he was still sore and stiff all over, complained of quite a lot of pain, still dazed, still kind of smoky. The parents knew the boy, had watched over him from his birth, before and and after the accident. It would seem that there was foundation sufficient to en-

able them to testify as to his mental and physical condition before the accident and the change therein thereafter. His mother testified that, after the doctor made the examination and bandaged his head, the boy lay upon the bed moaning until he went out of his head; was out of his head until the next morning, and was down sick for three months. The evidence of these witnesses was not so much their opinions or conclusions, as the statements of facts, which they observed. We can find no error in the ruling of the court upon this subject.

The trial court gave 12 instructions to the jury upon his own motion, 3 asked by defendant, and refused to give 19 of the 22 asked by defendant. Some of the instructions given to the jury are sharply criticised by defendant. We have carefully examined all the instructions given the jury, and are satisfied that the objections are more technical than otherwise. The sixth instruction is as follows: "You are instructed that the defendant is what is known in law as a common carrier for hire, and it is the duty of defendant to use the greatest amount of human care and skill consistent with the operation of its cars to prevent injury to its passengers while they are being transported from one part of their system to another. It is also the duty of defendant to use greater care and caution in transporting passengers of tender age than when carrying adults or passengers of mature years; but in this case there is no presumption of negligence from the mere fact that said Francis Thomas Dore was a passenger and received an injury while being carried on the cars of said defendant." It is true that the language used, in the comparison of the duties of a common carrier of adult passengers and children of tender age, is to some extent a little extravagant; but, when considered in connection with other instructions, the ground for just criticism largely vanishes, and no prejudice could result.

Finding no error requiring a reversal of the judgment of the district court, it is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.