FRED A. TAYLOR, APPELLEE, v. OVANDO KENESTON, APPEL-LANT.

FILED DECEMBER 29, 1916.     No. 19037.

Appeal: CONFLICTING EVIDENCE. The jury are the judges of the credibility of witnesses who testify before them and of the weight of their testimony, when properly admitted, and, where there is a conflict of evidence, their verdict will not be set aside unless it is clearly wrong.

APPEAL from the district court for Boyd county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*W. T. Wills,* for appellant.

*D. A. Harrington, contra.*

HAMER, J.

This case comes from Boyd county on appeal. The plaintiff was injured by being run over by an automobile driven by the defendant, and brought suit to recover damages for his injury. He recovered a judgment of $238.60. The injury occurred as the parties were leaving the fair grounds at the town of Butte, where they had been watching a ball game and horse race. There was a trial in the district court before Judge Robert R. Dickson and a jury. It is argued by the appellant that the evidence is insufficient to sustain the verdict. It is claimed by the plaintiff that, as he was leaving the fair grounds, he thought that the defendant negligently failed to give any warning of his approach

in his automobile, and that he was driving at a high rate of speed, and that he neglected to use his brakes, and that he ran his automobile over the plaintiff.

The evidence is conflicting. The defendant and his wife, who was with him, testified that when they were leaving the fair grounds they observed the plaintiff walking in the road a short distance ahead of them; that they were driving at a very low rate of speed, not exceeding four or five miles an hour; that the defendant, as the car approached the plaintiff, gave a warning signal, whereupon the plaintiff left the road and indicated that he knew of the approach of the automobile; that as the automobile approached for the purpose of passing the plaintiff, and while still running at a very slow rate of speed, plaintiff stepped in front of the automobile and was then injured. In many of these particulars the defendant is corroborated by numerous witnesses. Especially is this so as to the rate of speed at which he was proceeding as he approached the plaintiff. There is, however, evidence on the part of the plaintiff to show that no warning of the approach of the car was given; that the automobile was being driven at from 12 to 15 miles an hour, a rate of speed which under the circumstances, and in view of the crowded condition of the grounds and number of people using the road at the point where the injury occurred, might be held by the jury to be a dangerous and negligent rate of speed. This testimony is corroborated, because it is shown that the automobile ran a considerable distance after it struck the plaintiff and passed over his body. It is also in testimony that the defendant tried to stop the automobile and was unable to do so. Lloyd Carmichael and three young men or boys were in a buggy two or three rods north of the fair grounds gate. Carmichael testified to seeing the car strike the plaintiff; that the car struck the plaintiff just as he was coming through the gate and carried him along or pushed him about two rods, when he fell down head first "in front of the car," and that

the car "went on over him, and he was lying there in the road." Carmichael also testified that it was about 30 feet or a little more from where the car struck him to where he was lying; that it was about 150 feet from where the car struck him to where the car stopped. Carmichael's testimony seems to be fully corroborated by other witnesses, some of whom appeared for the defense. There is, however, evidence tending to show that the defendant tried to get the plaintiff to step out of the road, and that the plaintiff did so, and then stepped back in again. The defendant's wife testified: "Well, we—I think we were in about 12 feet of Taylor when I first seen him. He stepped down into the road, and I gave a yell and said, 'Get back!' and he stepped right back up out of the road and looked right at us.  *  *  * Q. And now, after he did that, go on and tell the jury what he did then. A. Then he stepped right back into the road. I don't think he was more than three feet from the front of the car. He went kind of angling then that way. He hadn't any more than struck the center of the road until the car was shoving him."

The defendant strenuously contends that the plaintiff was in fault, and that his injury was due to the fact that he stepped in front of the automobile. In view of the facts as they appear from the evidence, we cannot very well determine that the verdict is without support. In *Fitzgerald v. Union Stock Yards Co.,* 89 Neb. 394, this court said, as stated in the syllabus: "If the evidence is substantially conflicting upon a material issue, it presents a question for the jury." In *Oleson v. Oleson,* 90 Neb. 738, it was said in the syllabus: "All material questions of facts are for the consideration of the triers of fact; if in a trial by jury, the jury must determine them." In *Lukehart v. State,* 91 Neb. 220, it is said in the syllabus: "Questions of fact on conflicting testimony are for the solution of the trial jury." In *Dore v. Omaha & C. B. Street R. Co.,* 97 Neb. 250, it is said in the syllabus: "The jury are the judges of the credibility of

witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested."

In view of the well-known rule which makes the jury triers of fact and puts upon them the responsibility of determining the controversy, we are unable to disturb the verdict.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.