RILEY FIMPLE v. STATE OF NEBRASKA.

FILED APRIL 30, 1920.    No. 21019.

Witnesses: PRIVILEGED COMMUNICATIONS. Statements made to an attorney, with a view to his employment in the litigation in which he is called to testify, are privileged, even though no fee has been paid and the attorney subsequently refuses a retainer.

Error to the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Bernard McNeny,* for plaintiff in error.

*Clarence A. Davis,* Attorney General, *George W. Ayres, J. B. Barnes, Ralph P. Wilson* and *L. D. Hunt,* contra.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction in the district court for Harlan county, on an information charging him with assault and battery upon his wife. Two assignments of error are made. The first relates to the admission of certain testimony, and the second raises the question of the sufficiency of the evidence.

Defendant is 73 years of age, and his wife is 23. The half century that separates them appears to be responsible for the lack of domestic tranquility. The wife claims that her husband grabbed her by the throat and accused her of looking with too much favor upon a neighbor. To corroborate her story, the state called as a witness an attorney who was county attorney at the date of the alleged assault, and who drew the complaint. The testimony of this attorney showed that, soon after the disagreement between defendant and his wife, defendant called upon him in his office and made certain statements corroborative of the testimony given by the wife. This evidence was admitted over proper objection of defendant's counsel that it was a privileged communication made to the attorney while the relationship of attorney and client existed. It appears that the attorney was reluctant to give the testimony. As going to show that he believed the communication confidential, we quote his answer when asked to relate the conversation. He said: "Well, I don't know that I ought to tell what he said, because I think he was talking to me in a confidential relationship, or thought he was." Further examination shows that some time during their conversation the attorney said: "Now, Mr. Fimple, you better be careful what you say to me, because I am the county attorney." Whether this warning was given before or after defendant had detailed the happenings at his home, the witness was unable to say.

The testimony of defendant shows that he regarded the conversation with the attorney as confidential, and he claims that as soon as he was informed of the attor-

ney's official position he ceased to discuss the matter and proceeded to procure another attorney. The record indicates that for 20 years preceding this affair he had, on different occasions, consulted and employed this attorney, who always rendered satisfactory service. The natural conclusion to draw from all the circumstances is that, when defendant found himself in trouble with his wife, he went to employ the attorney who had successfully handled other business for him. This attorney, a man of ripe judgment, expressed the opinion on the witness-stand that he believed defendant thought the conversation was confidential, and he declined to testify until called to do so under the ruling of the court.

In order to bring a communication within the privilege accorded by the statute, it is sufficient if it be shown that the relation of attorney and client existed at the time the communication was made, and this privilege is extended also to communications properly made in negotiating for the employment of the attorney. *Nelson v. Becker*, 32 Neb. 99; *Farley v. Peebles*, 50 Neb. 723. The record brings this case within the rule.

The judgment is reversed and the cause remanded.

REVERSED.

LETTON, DAY and FLANSBURG, JJ., not sitting.