## Thomas H. Matters v. State of Nebraska.

Filed November 7, 1930.   No. 27488.

*O'Sullivan & Southard* and *M. O. Cunningham,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *L. Ross Newkirk, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff in error, hereinafter designated defendant, was prosecuted on an information containing two counts; the first charging embezzlement as agent; the second charging larceny as bailee. A trial resulted in defendant's conviction on the first and acquittal on the second count. From a judgment imposing a prison sentence of from one to two years, defendant prosecutes error.

There are a large number of assignments of error, many of which are extremely technical. We shall consider such as seem to merit discussion.

Defendant demurred to the information, and at the close of all the evidence moved for a directed verdict of not guilty, on the ground that the first count of the information did not state an offense under the law. The precise points relied upon are: First, that it was not alleged that C. B. Miller, the owner of the fund alleged to have been embezzled, was a private person; and, second, that it did not allege the terms and conditions of the contract creating an agency between C. B. Miller and the defendant.

Section 1, ch. 95, Laws 1923, under which defendant was prosecuted, *inter alia,* provides: "If any clerk, agent, attorney at law, servant, factor or commission agent of any private person or any copartnership, except apprentices and persons within the age of eighteen years, or if any

officer, attorney at law, agent, clerk, servant, factor or commission agent of any incorporated company or joint stock company, * * * shall embezzle," etc. The information merely charged the embezzlement of money from one C. B. Miller, without alleging that C. B. Miller was a private person.

We think the words "private person," as contained in the statute, are used to distinguish a natural person from an artificial person, such as a corporation, copartnership, joint stock company, etc. The name, C. B. Miller, is sufficient to indicate an individual or a "private person," within the meaning of the statute. So far as the failure to state the terms and conditions creating the agency existing between the defendant and C. B. Miller is concerned, it is sufficient to say that the information in this respect was in the language of the statute.

It has been frequently held that an indictment or information charging embezzlement is sufficient if it sets forth the crime in the language of the statute or the equivalent thereof. *Leisenberg v. State,* 60 Neb. 628; *Bartley v. State,* 53 Neb. 310; *Chamberlain v. State,* 80 Neb. 812; *State v. Halbert,* 115 Neb. 194. But these two assignments are unavailing for another reason. If the information was not sufficiently specific to satisfy the defendant, he was afforded a remedy by motion to quash. He failed to avail himself of such remedy.

Section 10113, Comp. St. 1922, provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, * * * by demurring to an indictment or pleading in bar or the general issue." Section 10109, Comp. St. 1922, provides: "A motion to quash may be made in all cases, when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." Failure to make the motion was a waiver of the right to attack the information for any defect that appears upon its face. *Trimble v. State,* 61 Neb. 604; *Goddard v. State,* 73 Neb. 739; *Huette v. State,* 87

Neb. 798; *Green v. State,* 116 Neb. 635; *Lindley v. State,* 117 Neb. 597.

Defendant asserts that there was error in overruling his motions to require the prosecutor to elect on which count of the information he would rely for a conviction. The motions were made at the close of the state's evidence and also at the close of all the evidence. It is a rule that, where different felonies of the same character and grade are charged in different counts of an information, it is within the discretion of the trial court whether the prosecutor shall be required to elect upon which count of the information he will rely for a conviction. In the instant case, the felonies charged, while growing out of the same transaction, are of the same grade, and the punishment is the same in each instance. Unless an abuse of discretion is shown which has been prejudicial to the rights of the defendant, an order overruling such motion will not cause a reversal of the judgment. The case was submitted to the jury upon both counts, but the jury acquitted the defendant on one count, and, under the circumstances, the failure to require the prosecutor to elect could not have been prejudicial to the defendant.

A number of assignments of error go to the sufficiency of the evidence to support the verdict. Defendant contends that the evidence is wholly insufficient to show that there was any agency, or that he received the money in the character of agent for Miss Miller.

Certain parts of the evidence, standing alone, would clearly support this contention. That Miss Miller drew her check for $200, payable to defendant, and turned the same over to him on the 6th day of October, 1927, and which check was cashed by defendant on the same or the next day, is not disputed. That the check was cashed and the money converted to defendant's use is beyond question. Defendant contends that the money was paid to him as a part purchase price of certain real property which Miss Miller was purchasing from him. However, at the time the check was given, the defendant gave to Miss Miller a receipt in the following form:

"Omaha, Neb. October 6, 1927.

"Received of C. B. Miller Two hundred & no/100 Dollars to be used in purchase of 5402 & 04 Leavenworth Street— if for any reason this deal is not completed this money is to be refunded—Amt. of purchase price $12,500.

"$200                    (Signed) Thomas H. Matters."

Defendant claims that he was selling the property; that he held title to it by contract. Miss Miller, on the other hand, testifies that defendant did not claim to be the owner, but that the property belonged to other persons. The form of the receipt issued by defendant indicates very clearly that he was receiving it to be used in purchasing property, and if he was purchasing he must have been purchasing for C. B. Miller. If he was acting for C. B. Miller then he was her agent and so received the money. There was sufficient evidence to justify the jury in so finding.

The real estate in question was never conveyed to Miss Miller; nor was any conveyance tendered to her. No writing pertaining to conveyance of real estate, save the check and the receipt heretofore mentioned, is disclosed by the record. Whatever may have been the deal between defendant and Miss Miller, it was never completed; nor has the money been refunded to her. There is some evidence, however, tending to show that, when criminal prosecution was imminent, defendant offered to return the money. This is denied by Miss Miller. The record presents a conflict of evidence upon material questions. It was for the jury to determine the credibility of the witnesses and the weight to be given to their testimony. In *Williams v. State,* 115 Neb. 277, the rule is announced in the following language: "This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt." Other cases adhering to this rule are *Curtis v. State,* 97 Neb. 397; *Denker v. State,* 106 Neb. 779; *Smith v. State,* 109 Neb. 579; *Ingoldsby v. State,* 110 Neb. 495. Under the

record presented, this court is unable to say, as a matter of law, that the verdict is not sustained by sufficient evidence.

Complaint is made of the misconduct of jurors and the bailiff. It is alleged that the bailiff entered the jury room while the jurors were deliberating and advised them as to their course. There was other evidence tending to show that all that occurred was that the jury requested the bailiff to ask the court to come to the jury room and give them further instructions; that he conveyed this oral message to the judge, who informed the bailiff that he did not care to give any further instructions, and this answer was carried back to the jury. There was conflicting evidence as to some advice given by the bailiff concerning the signing of the verdict. While this court cannot approve of the conduct of the bailiff in entering the jury room and holding any conversations whatever with the jurors concerning the case or any fact connected with the case which they are considering, we are unable to state that what occurred was prejudicial to the defendant. Whether or not the motion for a new trial should have been granted upon the misconduct of the bailiff and the jurors in this respect was a question addressed to the sound discretion of the trial court. The court's ruling on such motion will not be disturbed in the absence of a showing of an abuse of discretion. Such abuse is not disclosed.

Misconduct of the jury is also charged in that one of the jurors, during their deliberations, produced a dictionary and read from it the definition of some words which were contained in an instruction. This conduct was highly improper. The jury should have relied solely upon the evidence for the facts, and upon the court's instructions for the law, of the case. Not every violation of the proprieties, however, is sufficient to reverse a judgment. It is only such misconduct of the jury as is calculated to prejudice the substantial rights of the defendant that is ground for a new trial. In *Simmons v. State,* 111 Neb. 644, this court held: "Whether a motion for a new trial in a crim-

inal case, based on alleged misconduct of jurors, should be sustained rests in the sound discretion of the trial court, and its ruling on such motion will not be disturbed unless an abuse of discretion is shown." This ruling was approved and adhered to in *Murray v. State*, 119 Neb. 16. The record does not disclose that any substantial right of defendant was affected by the alleged misconduct of the jury; nor does the record disclose any abuse of judicial discretion in its ruling on the motion.

Complaint is made because the trial court did not permit the defendant, while on the stand as a witness, to answer a certain question relative to his criminal intent or lack thereof with respect to the transaction. It might have been better had the court permitted the question to be answered. However, defendant had fully given his version of the transaction and what his intent and purpose were, and the answer to the particular question could have added very little, if anything, to that which had been testified to by defendant. The evidence was cumulative; its exclusion could scarcely have been prejudicial.

During the progress of the trial a practicing attorney was called as a witness on behalf of the defendant and was asked many questions as to alleged conversations had with the complaining witness Miller. The court sustained objections on the ground that the testimony was privileged; that whatever communications were made by Miss Miller to the attorney were of a confidential nature and could not be received in evidence over objection. The witness stated that he was not and never had been attorney for Miss Miller; that he had never received any fee or retainer from her; but the record disclosed that she consulted him and asked his advice on questions of a legal nature respecting the transaction involved in this case. The witness apparently was not only willing but eager to testify as to conversations, and apparently sought to shield his testimony from the objection, on the ground that he had received no fee or retainer.

Section 8835, Comp. St. 1922, *inter alia*, provides:

"The following persons shall be incompetent to testify: * * *

"Fourth. An attorney concerning any communication made to him by his client in that relation or his advice thereon, without the client's consent in open court or in writing produced in court."

Section 8840, *inter alia,* provides: "No practicing attorney, counselor, * * * shall be allowed in giving testimony to disclose any confidential communication, properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice."

In *Fimple v. State,* 104 Neb. 471, it was held: "Statements made to an attorney, with a view to his employment in the litigation in which he is called to testify, are privileged, even though no fee has been paid and the attorney subsequently refuses a retainer."

In 28 R. C. L. 554, sec. 144, it is said: "If an attorney is consulted in his professional capacity, and he allows the consultation to proceed and acts as adviser, the fact that no compensation is paid will not remove the seal of secrecy from the communications made to him. In the absence of an express understanding that no charge be made, it is enough that the attorney is applied to for advice or aid in his professional character, the legal obligation to pay a quantum meruit being in this respect as effectual a retainer as an actual payment. Furthermore, the intention of the parties at the time the communication was made as to the payment or exaction of a fee is, in the eyes of some of the courts, entirely immaterial. And it is of no consequence that the party making the communication understands that the attorney is to be paid his fee by some third person."

After objection to an interrogatory was sustained, defendant offered to prove that Miss Miller sought the advice of the witness as to whether a criminal prosecution would lie, and that the witness advised her with respect thereto. The offer clearly indicates the relation of attorney and

client. The testimony sought to be elicited by the witness was of such a character that little doubt can exist that, if such communications were made by Miss Miller to the witness, they were made to a legal adviser and were confidential. The evidence was sufficient to justify the trial court in excluding the proffered testimony.

No prejudicial error has been found. The judgment is

AFFIRMED.