## CLARENCE WITT v. STATE OF NEBRASKA.

### FILED OCTOBER 7, 1932. No. 28282.

*John C. Mullen,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

Plaintiff in error, hereinafter designated defendant, was convicted of the offense of rape, committed upon a 13-year-old female child, and was sentenced to a term of three years' imprisonment in the state reformatory for male prisoners. He brings the record of his conviction to this court for review.

While a great many errors are assigned, we shall consider only those relied on in oral argument or in the briefs.

Defendant put in issue his reputation as a law-abiding citizen; called and examined six witnesses to sustain his reputation in this respect, and, by other witnesses, offered evidence of the same tenor. The offer was excluded. Of this ruling defendant complains. The evidence upon this point was not controverted by the prosecution.

It is a general rule that the number of witnesses that may be called upon a question of this kind is committed to the sound discretion of the trial court. Certainly, there was no abuse of discretion in limiting the number of character witnesses to six.

Defendant complains of a ruling of the trial court in excluding from the evidence court records showing that two of state's witnesses had been committed to the state girls' training school at Geneva. No authorities are cited, and we know of none that would sustain defendant's contention. The proffered evidence was not relevant to any issue in the case. It neither tended to prove nor to disprove any issue. We think it was properly excluded.

Complaint is made of the ninth instruction, given by the court, wherein it defined reasonable doubt. The instruction, among other things, told the jury: "One may be convinced of the truth of a thing beyond all reasonable

doubt, and yet be fully aware that possibly it may not be so," and "absolute or mathematical certainty is not requisite to proof beyond reasonable doubt."

The first of the propositions needs but a simple illustration to show the fallacy of the criticism. Suppose the identity of a person is in question, as frequently occurs in criminal prosecutions, and that a half-dozen witnesses testify positively to the person's identity. It is a possibility that each may be mistaken; yet the evidence may be sufficient to convince the jury beyond any reasonable doubt. Criticism in this respect is devoid of merit. As to the second proposition criticized, it may be said that this court approved an instruction that contained almost the identical language. *St. Louis v. State,* 8 Neb. 405.

Again, the instruction is assailed because it did not inform the jury that a reasonable doubt might arise from the want or lack of evidence. This criticism is disposed of by the holding of this court in *Trimble v. State,* 118 Neb. 267, wherein it was held: "An instruction that a reasonable doubt is 'such a doubt as, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in such condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge,' is not erroneous as excluding a doubt arising from a want of evidence."

The instruction is assailed on other grounds. While the instruction may not be commended as a model, yet, from a careful consideration of the instruction, in connection with the entire charge given, we are convinced that it was not prejudicial to the rights of the defendant.

The defendant criticizes another instruction, which informed the jury that they had nothing whatever to do with the punishment of the defendant, and that they had no right to take into consideration what punishment he might or might not receive, in the event he was convicted.

In *Trimble v. State, supra,* it was held: "It is not error for the court, in a criminal case where the penalty upon conviction is to be fixed by the court, to instruct the

jury that they have nothing to do with the punishment and are not to consider it in arriving at their verdict." In the instant case the jury had no duty to perform with respect to the punishment to be inflicted. That was for the court and for the court alone. The criticism of the instruction is groundless.

Error is alleged in the refusal of the court to give a number of instructions requested by the defendant. Several of them embodied questions of law that were fully and clearly covered by the court's instructions. It was not called upon to repeat them in different language because so requested. Two of the instructions called attention directly to the testimony given by two witnesses, and the court was requested to inform the jury that the evidence of these witnesses should be scrutinized with caution and subjected to careful examination in the light of all the other evidence. This court has repeatedly held that it is improper for the trial court to give undue prominence to certain portions of the evidence, and, in so far as the requested instructions stated accurately principles of law, they were embodied in other instructions of the court. We find no error prejudicial in any of the instructions requested by defendant and refused by the trial court.

Finally, it is contended that there is not sufficient corroboration of the testimony of the prosecuting witness and that the evidence is insufficient to sustain the verdict.

From the record it appears that defendant was 25 and prosecuting witness 13 years of age; that, previous to the time of the alleged offense, defendant had met the prosecutrix but once; that on the night of the alleged crime, at about 10 o'clock, he was in Falls City with his automobile; that at that time and place the prosecuting witness and a girl companion entered his car; whether by his invitation or of their own accord is in dispute. They drove about the city for a short time and picked up another young man, the four driving about for a short time, and then to the home of the defendant, several miles

distant, where the party partook of wine, or, as defendant contends, sweet unfermented grape juice, furnished by him. They then drove a short distance from defendant's home and parked the car at the side of the road. A little later, they were joined by four other young men, or boys, and all again repaired to defendant's home, and defendant again furnished wine or grape juice, a gallon, in all, being consumed. Shortly thereafter, all returned to the place where they had first parked defendant's car. Prosecuting witness became sick and vomited. There is some evidence indicating that she was intoxicated. Defendant and prosecutrix alighted from the car and "walked down the road." Prosecuting witness testifies to the act of sexual intercourse with defendant. The other girl in the party and one of the boys also went down the road a little later, and she testifies to finding the defendant and prosecutrix on the ground, indulging in sexual intercourse. Her companion testifies to facts indicating that such was the case. It is true there are other witnesses who testify differently, and there is ample evidence that would have justified the jury in finding defendant not guilty, had they believed the evidence offered by him; but the credibility of the witnesses and the weight to be given to the evidence of the respective witnesses are questions solely for the jury. The testimony of prosecutrix is amply corroborated. The evidence is sufficient to sustain the verdict.

The record appears to be free from prejudicial error.

JUDGMENT AFFIRMED.