GERALD FREDERICK RAKES, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.
62 N. W. 2d 273

Filed January 22, 1954. No. 33419.

56

*Betty Peterson Sharp,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *C. C. Sheldon,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff in error, Gerald Frederick Rakes, hereinafter called defendant, was tried to a jury and found guilty upon an information charging him with robbery. His motion for new trial was overruled and he was sentenced to serve 6 years in the Nebraska State Penitentiary. Therefrom he prosecuted error to this court, assigning substantially that the trial court erred prejudicially: (1) In the giving of instruction No. 13 on its own motion; (2) in giving oral instructions to the jury on voir dire; and (3) in admitting and refusing to admit certain evidence. The sufficiency of the evidence to sustain a verdict in the absence of reversible error is not questioned and it will not be summarized here except as may be necessary to dispose of the assignments aforesaid. We sustain the first assignment and subsequently discuss the others, because the judgment is reversed and the cause is remanded for new trial.

In addition to a perfectly proper instruction upon credibility which had like application to each and all of the witnesses, the trial court gave instruction No. 13, fundamentally conflicting therewith, which reads in part: "The defendant relies in this case in part on the testimony of * * * a little girl of about nine years of age. You are cautioned to consider her testimony with great care and caution, being careful to give it only such weight and credit as it ought to receive under all the facts and circumstances shown by the evidence, keeping in mind that she is very young in years, experience and

judgment, and her faculty of accurate memory, and her ability to observe and relate past events is not as fully developed as would be such faculties and characteristics in a more mature or adult person." We conclude that the giving of such instruction was prejudicially erroneous.

In that connection, when the child, 9 years old, who lived in defendant's home at time of the alleged offense, was called and sworn as a witness for defendant, his counsel examined her at length with regard to her competency to be a witness and she gave responsive, intelligent answers to all questions so propounded, which clearly demonstrated that she understood the nature and obligation of an oath and was a competent witness. Defendant then inquired of the county attorney: "Is there any objection to the child testifying?" To such inquiry the reply was "No." She then testified at length in support of defendant's alibi defense. As early as Davis v. State, 31 Neb. 247, 47 N. W. 854, involving the testimony of a girl 11 years of age, this court said: "No fixed rule can be laid down as to the age a child must be to entitle it to testify as a witness in a court of justice. The question of competency of a person to be a witness must be left to the sound legal discretion of the trial judge, leaving to the jury to determine the credit that ought to be given to the testimony." The question of the child's credibility here involved does not come within any exceptions recognized by this court wherein a cautionary instruction with relation thereto should or may be given.

In our discussion here, we have not overlooked the provisions of section 29-2308, R. R. S. 1943. It is sufficient for us to observe that as an elementary proposition it has no application where, as here, a substantial right of defendant has been abridged, because the province of the jury was necessarily invaded by the instructions given. As late as Skelton v. State, 148 Neb. 30, 26 N. W. 2d 378, this court reaffirmed that: "The question of

competency of a person to be a witness is left to the sound discretion of the trial judge, leaving to the jury to determine the credit that ought to be given to the testimony."

In Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880, this court held: "An instruction to a jury the effect of which is to invade or abridge a substantial right of a defendant in a criminal case is reversible error.

"In jury cases juries are the judges of the credibility of witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment.

"An instruction in a criminal case the effect of which is to infringe upon the right of a jury as the judge of the credibility of witnesses and the weight to be given their testimony is an invasion and an abridgement of a substantial right of the defendant."

As stated in the opinion: "This court has consistently held that in cases tried to them juries are the judges of the credibility of witnesses and of the weight to be given to their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment. Baker v. Racine-Sattley Co., 86 Neb. 227, 125 N. W. 587; Dore v. Omaha & C. B. St. Ry. Co., 97 Neb. 250, 149 N. W. 792; Kraemer v. New York Life Ins. Co., 134 Neb. 445, 278 N. W. 886.

"The right of a defendant in a criminal case, or in truth the right of a litigant in any case triable to a jury, to have the jury weigh the evidence free from interference, we think, is a substantial right and a restriction upon or abridgment of that right by the trial court in instructions to a jury amounts to the deprivation of the benefits of this substantial right. In such an instance the statute relied upon by the State has no application."

Wilson v. State, *supra*, was cited with approval and

relied upon in Frank v. State, 150 Neb. 745, 35 N. W. 2d 816; Knihal v. State, 150 Neb. 771, 36 N. W. 2d 109, 9 A. L. R. 2d 891; Jennings v. State, 150 Neb. 828, 36 N. W. 2d 268; Schluter v. State, 151 Neb. 284, 37 N. W. 2d 396; and Franz v. State, 156 Neb. 587, 57 N. W. 2d 139. See, also, Witt v. State, 123 Neb. 799, 244 N. W. 395.

As stated in 23 C. J. S., Criminal Law, § 1175, p. 717: "The rule that the court must not determine, express, or intimate the degree of credit or weight to be given to a witness' testimony applies to the testimony * * * of children * * *." See, also, 16 C. J., Criminal Law, § 2337, p. 955.

It should be said also that there is another logical reason why instruction No. 13 was prejudicially erroneous. The child's testimony was materially in corroboration of that comparable in nature given by defendant and other witnesses who testified in his behalf. To tell the jury that the child's evidence should be considered with great care and caution in determining its weight and credibility, would be to directly cast a doubt upon the credibility of and discredit the evidence of such other witnesses, who gave substantially the same testimony. The State has cited no authority, and we have found none which could give the instruction validity.

During the examination of jurors for cause by defendant's counsel, a juror expressed his inability to understand the meaning of "beyond a reasonable doubt" as explained by defendant's counsel. Thereupon, with express approval of defendant's counsel, the trial court explained to the jury clearly and at length the proper meaning and application of the language in such manner as to be beneficial to defendant, also telling the jurors in substance that they would be fully instructed thereon before final submission of the case. Defendant's counsel then proceeded with the examination for cause, without objection. In that regard, defendant now assigns that in so doing, the trial court erred by giving oral instructions contrary to the provisions of sections

25-1111 and 25-1115, R. R. S. 1943. We conclude that the assignment has no merit. This court was confronted with a comparable situation in Lee v. State, 147 Neb. 333, 23 N. W. 2d 316. Therein we called attention to the fact that in impaneling a jury all challenges for cause shall be tried by the court as provided in section 29-2007, R. R. S. 1943, and proper explanatory statements of the trial court with relation thereto during voir dire examination are not instructions required to be in writing under the provisions of section 25-1111, R. R. S. 1943. In that regard, the opinion said: "Obviously, this is not an instruction to the jury and not within the provisions of section 25-1111, R. S. 1943." By analogy, of course, if such explanatory statements are not instructions, then also section 25-1115, R. R. S. 1943, has no application. The assignment has no merit.

The complaining witness was a man 80 years old, with only one eye and some defect of vision in the other. He identified defendant and pointed him out in the courtroom as the man who robbed him. In that connection, he knew defendant well as a boy but had not seen him except twice in the last 4 or 5 years. However, on the night of the robbery, January 31, 1953, he claimed that defendant had been in his home about 2 hours or more while defendant visited with him. The trial court in no manner restricted defendant in cross-examining such witness with regard to his identification of defendant, and the means by which such identification was made. However, upon cross-examination, defendant attempted, as claimed here, to ascertain the witness' power of memory, discernment, and observation as affecting his credibility, by asking him, "would you care to step down and point him out," thus referring to another named person then in the courtroom with whom the witness was acquainted. Objection thereto was sustained, and an offer of proof was made, whereupon the State renewed its former objection to the question and objected further that the offer was broader than the question,

which was the fact, and such objection was sustained. In that situation, defendant complains that cross-examination of the witness was unduly restricted. The general rule is that so far as cross-examination of a witness relates either to facts in issue or relevant facts, it may be pursued by counsel as matter of right, but when its object is to collaterally ascertain the accuracy or credibility of a witness, a latitude should be permitted, but its method and duration are ordinarily subject to the discretion of the trial judge and, unless abused, its exercise is not reversible error. Goldman v. State, 128 Neb. 684, 260 N. W. 373; O'Connor v. State, 123 Neb. 471, 243 N. W. 650; 3 Jones on Evidence (4th ed.), § 826, p. 1526. Upon the record as presented here, we conclude that the trial court did not abuse its discretion.

The chief of police at Nebraska City testified as a witness for the State. He was recalled for rebuttal, and defendant complains that the trial court unduly restricted cross-examination when it sustained objections to three questions allegedly tending to show his interest, bias, or prejudice. To recite the questions at length here would serve no purpose. In that regard, evidence of similar nature was already before the jury, given in response to comparable questions theretofore asked, and the record is such that defendant could not have been prejudiced by refusal to permit the questions to be answered. In Stump v. State, 132 Neb. 49, 271 N. W. 163, it was held: " 'A judgment will not be reversed for error in sustaining an objection to the evidence of a witness upon a point which is otherwise well established by the testimony.' Macrill v. City of Hartington, 93 Neb. 670, 141 N. W. 825." Further, as held in Matters v. State, 120 Neb. 404, 232 N. W. 781: "The exclusion of competent evidence, cumulative in character, will not work a reversal, unless such exclusion has been prejudicial to the complaining party."

In Davis v. State, 51 Neb. 301, 70 N. W. 984, this court held: "A litigant has the right to cross-examine a wit-

ness produced against him to show the interest, bias, or prejudice of such witness, but the extent to which such an examination may be carried is a matter resting very largely in the sound discretion of the trial court. Consaut v. Sheldon, 35 Neb., 247, followed.

"A case will not be reversed because of the limitation placed by the court upon the cross-examination of a witness as to his interest or bias, unless it appears from the record that the party against whom the witness was called was probably prejudiced by such limitation."

During cross-examination of a witness for defendant, the State, over objection thereto, introduced in evidence exhibit 1, a written statement, admittedly first read and then signed by the witness with a name not her own, in which she stated some matters inconsistent with her testimony given on direct. On redirect she testified that the chief of police told her if she knew anything about the facts to tell the truth, but that part of what appeared in the statement was not true, and she signed it because she was afraid he was going to take her child away from her. On recross, she testified that all the officers asked for when they took the statement was the truth, and they got it. Thereafter on rebuttal, the deputy sheriff, a witness for the State, who wrote the statement, testified without objection that when the statement was taken no threats were made to take her child away. However, thereafter over objections that it was incompetent, irrelevant, immaterial, without sufficient foundation, not made in the presence of defendant, and improper impeachment, she having admitted the statement, the deputy sheriff was permitted to repeat the details and conversation which occurred with relation to the taking of her statement. Defendant complains that the admission of such evidence was erroneous. In that connection, he relies upon Brown v. State, 88 Neb. 411, 129 N. W. 545, wherein it was held: "When a witness upon cross-examination admits making statements out of court inconsistent with her evidence upon the trial, it is

erroneous to permit other witnesses to testify to the statements admitted by the witness, and to detail the circumstances under which the statements were made." As stated in the opinion: "When a witness is asked in cross-examination as to statements that she has made out of court for the purpose of laying the foundation for impeachment, and admits fully that she has made such statements, that is all that the cross-examination is entitled to."

See, also, 3 Jones on Evidence (4th ed.), § 849, p. 1577, wherein it is said: "If the witness admits having made the impeaching statement, there is no reason for further proof on the subject; and none should be received."

As we view it, such evidence came squarely within and is controlled by the rule relied upon by defendant. It should have been excluded.

Nevertheless, the admission of such evidence in this case could not have been prejudicially erroneous because the chief of police, another witness subsequently called by the State in rebuttal, gave testimony of the same nature, to which no objection whatever was made. In that regard, section 25-1141, R. R. S. 1943, which provides that: "* * * it shall be unnecessary to repeat the same objection to further testimony of the same nature by the same witness in order to save the error, if any, in the ruling of the court whereby such testimony was received," has no application to further testimony of the same nature by other witnesses to which no objection has been made.

For reasons heretofore stated, the judgment of the trial court should be and hereby is reversed and the cause is remanded for new trial.

REVERSED AND REMANDED.