STATE OF NEBRASKA, APPELLEE, V. VIOLET J. FIELDS, APPELLANT.

169 N. W. 2d 437

Filed July 11, 1969. No. 37078.

Henry C. Rosenthal, Jr., Richard J. Bruckner, and Schrempp, Rosenthal, McLane & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

· Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted of embezzlement and sentenced to imprisonment. Her motion for new trial was overruled and she has appealed. The assignments of error relate to the sufficiency of the evidence to sustain the conviction, the admission and rejection of evidence, and the instructions to the jury.

The defendant was an employee of the clerk of the district court for Douglas County, Nebraska, from 1939 to February 27, 1967. In 1953 she became the head cashier handling filings and money paid into the office. In 1961 she took over the accounts receivable and ledger. The accounts receivable consisted of money due the clerk for filings and services for which the fees had not been paid.

The term of Sidney J. Gottneid as clerk ended on January 4, 1967. An audit of the clerk's office as of January 4, 1967, disclosed a deficiency of $85,009.22 which was assumed to be accounts receivable due the clerk. An attempt was made to verify the accounts and it was discovered that they were overstated approximately $46,000.

Marvin S. Reifschneider, whose term as clerk commenced on January 5, 1967, testified that on February 23, 1967, he received a summary for January 1967, showing cash on hand to be in excess of $37,500. After receiving the summary, Reifschneider inquired of the defendant and learned that there was $11,000 cash on hand that she had not deposited. The defendant did not explain the remaining discrepancy. A special audit was then made which disclosed that approximately $26,000 had been deposited on January 4 and 5, 1967, but had not been entered on the fee book until January 5 and 6, 1967. This had the effect of shifting liability for this amount from Gottneid to Reifschneider.

· Darwin L. Severson, an employee of the clerk's office, testified that on January 5, 1967, the defendant gave him a deposit to be made to Gottneid's bank account after there had been instructions to make no further deposits to Gottneid's account. He further testified that the defendant told him not to tell Reifschneider about the deposit.

The special audit disclosed a deficit of $1,200.41 incurred between January 5 and March 1, 1967. Of this amount, $600 represented checks for alimony which had been deposited without an entry being made on the fee book. The balance of the deficit is not accounted for in the record.

There was evidence from which the jury could find that the shortage had been created by depositing checks received in payment of accounts receivable without crediting the accounts and by withdrawing an equivalent amount of cash from the office. As long as the accounts remained unverified, the shortage was not apparent.

The defendant testified in her own behalf and denied that she had taken any money from the clerk's office. There was evidence that other persons had access to the cash and handled transactions in the office.

The information contained two counts. The first count charged an embezzlement of in excess of $100 between January 1, 1966, and January 5, 1967. The second count charged a similar embezzlement between January 5, 1967, and February 24, 1967. The jury fixed the amount embezzled under Count I at $40,000 and under Count II at $600.41.

The evidence clearly established that a substantial amount of money had been embezzled from the clerk's office. The defendant was the head cashier during the time that the shortage occurred. She had charge of the cash, the bank deposits, and the records of cash received. Although partly circumstantial and in conflict, the evidence was sufficient to permit the jury to

find that the defendant had embezzled amounts in excess of $100 between the dates alleged in the information. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence in determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution. State v. Howard, ante p. 461, 168 N. W. 2d 370.

The information alleged that the defendant was employed as the clerk or agent of a "private person," the clerk of the district court. The defendant contends that the information was defective because the clerk of the district court is a public official and that the conviction cannot be sustained because any money embezzled was received by the clerk in his official capacity.

Section 28-538, R. R. S. 1943, punishes embezzlement from private persons, copartnerships, incorporated companies, or joint stock companies. The term "private person" as used in the statute refers to a natural person as distinguished from an artificial person such as a corporation, copartnership, or joint stock company. Matters v. State, 120 Neb. 404, 232 N. W. 781. An information may allege the crime in the language of the statute. Buckley v. State, 131 Neb. 752, 269 N. W. 892. The defendant's contention has no merit.

On March 2, 1967, the defendant was questioned by the county attorney in his office in the presence of a court reporter. Her statement was received in evidence over objection. The defendant contends that the statement was involuntary; was not made knowingly, intelligently, and voluntarily; and that she was mentally and emotionally incompetent at the time.

The defendant testified that she had taken some medication that morning because she had a "terrible headache" and had been unable to sleep. She also testified in detail as to what happened that morning, and it is apparent from the record that she was not mentally or emotionally incompetent at that time.

The defendant was not in custody at the time the

statement was made. She went to the office of the county attorney at his request made through Gottneid. The county attorney advised the defendant that she could refuse to answer his questions; that her answers could be used against her; that she was entitled to counsel; and that an attorney would be provided if she did not have one. The defendant replied: "A. Ask anyting you want to ask me. I do have an attorney, I have Bernie Boyle; I have talked to Bernie. Q. But you are willing to, even though Mr. Boyle represents you, to attempt to answer the questions as best you can? A. I will answer them as truthfully as I can answer them."

The county attorney further testified that no threats or promises were made and that the defendant answered his questions willingly and voluntarily. Under the circumstances in this case, it was proper for the trial court to receive the defendant's statement in evidence subject to the jury's determination of its voluntariness.

During cross-examination of the county attorney, the defendant offered to prove that the witness had brought a civil action in behalf of Douglas County against the defendant. The county attorney had no personal interest in the action and the evidence had no relevancy. The objection of the State was properly sustained.

During cross-examination of Reifschneider, the defendant attempted to prove that the witness had filed a civil action against the defendant. The objection of the State to this evidence was sustained. However, on direct examination of the defendant she was allowed to testify that she had been sued by both Reifschneider and Douglas County. This evidence removed any prejudice that might have resulted from the previous ruling during the cross-examination of Reifschneider. Rakes v. State, 158 Neb. 55, 62 N. W. 2d 273.

The defendant submitted requested instructions relating to the essential elements of the offense charged and the definition of the term "a private person." The

instruction relating to "a private person" was erroneous and was properly refused. The instructions given by the trial court correctly advised the jury as to the essential elements of the offense. The trial court did not err in refusing to give the instructions requested by the defendant.

The judgment of the district court is affirmed.

AFFIRMED.