HELEN M. SHIMONEK, APPELLEE, V. NEBRASKA BUILDING & INVESTMENT COMPANY, APPELLANT.

FILED DECEMBER 30, 1922.   No. 22150.

1. **Principal and Agent: CONTRACTS: RATIFICATION.** Where the unauthorized contract of an agent is ratified by the principal, the effect is the same as if the agent had been originally possessed of authority to make the contract.

2. ———: ———: ———. An agent engaged in selling corporate stock of defendant corporation had no authority to agree that the purchase money should be refunded to the purchaser upon 30 days' notice. He made a parol contract of this nature with a buyer. Full knowledge of this contract was afterwards communicated to the corporation, but, while denying the authority of the agent, it carried out the provisions of the contract made by the agent by making a series of payments to the purchaser, extending over a year, and reducing the amount due from $4,300 to about $1,100. *Held,* that by making such payments upon the parol contract, with full knowledge of the facts, the corporation ratified the unauthorized act of the agent and adopted it as its own.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE.   *Affirmed.*

*Doyle & Halligan* and *Good & Good,* for appellant.

*R. J. Greene* and *H. C. Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN and ALDRICH, JJ.

LETTON, J.

This action is brought to recover a balance due upon an oral contract by defendant to repurchase stock. Plaintiff recovered judgment, and defendant appeals.

The defense is that the stock was sold under a written contract which provided, among other things, that no

conditions, agreements or representations other than the provisions printed on the reverse side of the application shall bind the company; and that the agent had no authority to bind the company by an oral agreement such as the petition alleges.

The reply alleges ratification of the parol contract made by the agent, and restitution of a large part of the money obtained from the plaintiff.

The evidence shows that the plaintiff, who was then about 18 years of age, inherited some money in the latter part of the year 1918. An agent of the defendant calle upon her at her home, and stated that he had read in the papers that the estate was now settled. He made a number of representations with regard to the financial standing and responsibility of the defendant, and agreed that if at any time the plaintiff wanted her money back she should have it upon 30 days' notice. The plaintiff then gave him a check for $4,300, and he afterwards sent her a certificate of stock in defendant company. The conversation only occupied about 30 minutes. A few months afterwards plaintiff called upon the president of the company at his office, told him of the contract, and requested a payment. He told her that the agent had been discharged because he had exceeded his authority. He, however, gave her a check for $500 at that time, and checks in May, June, and August, 1919, at which latter time he gave her another certificate of stock reciting that she was the owner of 27 shares of preferred stock of the value of $110.50 each. About two months afterwards defendant paid her $500, and made other payments up to July 1, 1920.

Under the decision in *Schuster v. North American Hotel Co.,* 106 Neb. 679, it is clear that the representations made by the agent as to the return of the plaintiff's money were unauthorized by the defendant. It is equally clear that, after the facts as to the making of such oral contract by the agent had been fully communicated to the defendant company, it adopted and ratified the contract

as its own by making a series of payments according to such contract, whereby the amount remaining due was reduced to $1,131.87. This ratification had the same effect as an express authorization to make the contract. *Oberne v. Burke,* 50 Neb. 764.

AFFIRMED.