Furrer v. Nebraska Building & Investment Co.

---

HENRY FURRER ET AL., PLAINTIFFS, V. NEBRASKA BUILDING & INVESTMENT COMPANY ET AL., DEFENDANTS, ROSE SCHAAF, CLAIMANT, APPELLANT, W. E. BARKLEY, RECEIVER, APPELLEE, F. B. BAYLOR, TRUSTEE, INTERVENER.

FILED DECEMBER 31, 1923. No. 22615.

1. Principal and Agent: AUTHORITY OF AGENT. Ordinarily, an agent may not borrow money and bind his principal for its repayment, unless authority so to do is expressly conferred or necessarily implied by the authority that is granted.

2. ———: UNAUTHORIZED CONTRACTS: RETENTION OF BENEFITS. A principal cannot knowingly retain the benefits accruing from the unauthorized act of his agent and escape the legal obligations, assumed by the agent in the name of the principal, from which the benefits accrue.

3. ———: ———: RATIFICATION. Ratification by the principal of the unauthorized act of his agent has the same effect as prior express authority.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed in part, and reversed in part.*

*Sterling F. Mutz,* for appellant.

*F. C. Foster, O. K. Perrin, S. M. Kier, Good & Good* and *Boehmer & Boehmer, contra.*

*F. B. Baylor* and *Johnson, Moorhead & Rine,* for intervener.

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., REDICK, District Judge.

GOOD, J.

This is an appeal by the claimant, Rose Schaaf, from the disallowance of a claim filed by her against the Nebraska Building & Investment Company and its receiver. The claim was for work and labor in the sum of $1,280, and for money loaned and advanced in the sum of $1,019.60.

With respect to the claim for labor, while the evidence is in substantial conflict, the finding of the trial court seems to be supported by the evidence. We do not understand that the claimant seriously contests the finding on this item, and it will not receive further consideration.

As to the item for money loaned and advanced, there is no conflict in the evidence. The record discloses that the Nebraska Building & Investment Company, hereinafter referred to as the company, owned and operated near Kearney, Nebraska, a ranch, produce from which was used to a considerable extent in hotels owned or controlled by the company, and that A. J. Schaaf, husband of the claimant, was the manager of the ranch, which was known as "1733 Ranch." Schaaf seems to have had full control and management of the operation of the ranch, sold and marketed the products, purchased the lumber and other materials necessary, and paid the expenses incident to its management and operation. A bank account was kept in the Central National Bank of Kearney in the name of "Schaaf 1733 Ranch," which was replenished from time to time by moneys advanced by the company and by the proceeds from the sale of produce from the ranch. This account was checked on by Schaaf, as manager, for the payment of expenses incident to the operation and management of the ranch. May 17, 1920, this account had been depleted to such an extent that there was not sufficient to pay checks that had been drawn thereon. The checks drawn were in excess of the balance in the account by several hundred dollars. At this time Schaaf, the manager, procured a loan of $1,000 from the claimant which was placed to the credit of the Schaaf 1733 Ranch account, and was used largely to liquidate the checks which had been previously drawn on the account. At

the time Schaaf, the manager, informed the claimant of the condition of the ranch account and represented to her that within a few days money from the sale of products and other funds would be coming in from the company, when she would be repaid. Subsequent to this date the claimant, at the request of Schaaf, the manager, advanced the additional sum of $19.60 for the payment of some of the ranch bills. No part of this $1,019.60, advanced by the claimant has ever been repaid. With the money so loaned, the company's obligations have been paid and discharged to an amount equal to the money loaned. The company has received and still retains the benefits from these loans. It has never repudiated the transaction of its manager. The receiver concedes all of this, but relies for a defense on the proposition that Schaaf, the manager, had no authority to borrow money and pledge the credit of the company, and that it is, therefore, not liable, because of the lack of such authority.

It is a rule of law, supported by ample authority, that an agent may not borrow money and bind his principal for its repayment, unless such authority is expressly conferred or necessarily implied by the authority granted. The record in this case does not disclose that express authority was conferred on the manager to borrow money.

From the record it may fairly be inferred that Schaaf, as manager, was invested with authority to purchase feed, fuel, supplies, lumber and farm machinery necessary for operating the ranch, and to employ labor to make repairs to wind-mills, heating plant, fences, buildings, and generally do all things necessary in carrying on the business of the 1733 Ranch; and it also may fairly be inferred that for these items he was authorized to pledge the credit of the company. In any event, it appears that he was performing all these acts, and there is not a syllable of testimony that such acts were disapproved by his principal. The checks he had issued, and which were outstanding at the time he borrowed $1,000 from claimant, were given in payment for labor, lumber, fuel, farm machinery and materials used on

the ranch. The company still retains all the benefits accruing from these acts.

We are inclined to the view that the situation disclosed is sufficient to warrant a finding that the manager had implied authority to borrow money to carry on the ranch operations; but in any event it must be presumed that the company, from time to time, inspected and checked up the bank account and other operations and business transactions of its manager, and, if so, it had knowledge of the acts of its manager in borrowing the money in question. The rule is well settled that a principal cannot knowingly retain the benefits accruing from the unauthorized act of his agent and escape legal obligations, assumed by the agent in the name of the principal, from which the benefits accrue. *Dinsdale v. Sprague Tire & Rubber Co.,* 110 Neb. 290; *Moller v. Mallory,* 110 Neb. 269. Under the circumstances disclosed, the act of Schaaf, the manager, if not impliedly authorized, was ratified by his principal. Ratification has the same effect as prior express authority. *Oberne v. Burke,* 50 Neb. 764; *Shimonek v. Nebraska Building & Investment Co.,* 109 Neb. 424.

It follows that the judgment of the district court, in disallowing items for labor, should be and is affirmed, and in disallowing the item of $1,019.60, for money loaned, is reversed and remanded.

AFFIRMED IN PART, AND REVERSED IN PART.