342

ABE BORDY, APPELLANT, v. GOODMAN-BUCKLEY TRUST COM-
PANY ET AL., APPELLEES.

FILED JUNE 26, 1936.   No. 29662.

*Monsky, Grodinsky, Marer & Cohen* and *E. H. Evans,*
for appellant.

*Halligan, Beatty & Halligan* and *Lowell C. Davis, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER,
JJ., and KROGER and IRWIN, District Judges.

KROGER, District Judge.

Plaintiff commenced an action to foreclose a real estate
mortgage executed by the Goodman-Buckley Trust Com-
pany of North Platte, Nebraska. The petition was in the
usual form, and to this petition Fred L. Burke, trustee in
bankruptcy of the defendant trust company, filed an
answer in which he alleged that the note and mortgage
in suit were executed without authority, that the obliga-
tion to the plaintiff was the individual obligation of E. R.
Goodman and N. E. Buckley, president and secretary of
said trust company, respectively, and that there was no
consideration to the trust company for the execution of
said note and mortgage. The trial court found that the
obligation was the individual debt of E. R. Goodman and
N. E. Buckley, and that no consideration moved from
plaintiff to the defendant trust company for said note and

mortgage, and entered a decree dismissing plaintiff's action and canceling the note and mortgage sued upon and releasing the real estate from the lien of the same. From this decree, plaintiff prosecutes this appeal.

There is little or no controversy as to the facts. So far as material to this case, it appears that E. R. Goodman and N. E. Buckley were operating three separate businesses under the names of Goodman-Buckley, a copartnership consisting of E. R. Goodman and N. E. Buckley; Goodman-Buckley Company, a corporation, the stock of which was owned by E. R. Goodman and N. E. Buckley and their wives; and Goodman-Buckley Trust Company, a corporation, organized under the laws of this state pertaining to trust companies, and the stock of which was owned by E. R. Goodman and N. E. Buckley, excepting some qualifying shares held by their wives and a Mr. Rasmusson. In addition, N. E. Buckley transacted some of his personal business under the name of Bratt, Goodman & Buckley. All of these businesses were conducted in the same quarters in the city of North Platte and, during the times herein mentioned, N. E. Buckley was actively engaged in the management of the various concerns.

On February 4, 1931, plaintiff went to N. E. Buckley and informed him he wished to invest some money and gave to Buckley his check for $3,000 and took therefor an ordinary promissory note in like amount, due in three months, bearing interest at 6 per cent. and signed by E. R. Goodman and N. E. Buckley. On May 4, 1931, plaintiff gave N. E. Buckley an additional $1,500 and took a similar note, due August 4, 1931, for the principal sum of $4,500. Some time later, plaintiff gave Buckley another $1,000 and took a similar note, dated July 1, 1931, due July 1, 1932, in the principal sum of $5,500, bearing interest at 6 per cent. and signed by E. R. Goodman and N. E. Buckley. In each instance, plaintiff's checks were deposited in the bank to the credit of Goodman-Buckley, the partnership. In March, 1932, plaintiff informed Buckley that he was desirous of making a different loan and asked for his

money and on March 7, 1932, was paid $300 and on March 21 was paid $200, reducing the principal note to $5,000. Plaintiff testifies that he told Buckley that he intended to invest his money in a real estate mortgage, and it was at this time that Buckley offered to give plaintiff a mortgage on the city property involved in this action. This mortgage was given on April 1, 1932, and is executed by the Goodman-Buckley Trust Company, by E. R. Goodman, president, and N. E. Buckley, secretary, and covers property that was owned by the trust company. The board of directors of the trust company never authorized the execution of the note and mortgage, but some time during the summer of 1932 Buckley prepared minutes of a purported meeting at which the execution of the instruments was allegedly authorized and these minutes were signed by E. R. Goodman, N. E. Buckley and G. S. Goodman, who is the wife of E. R. Goodman. The mortgage was placed on record on April 8, but was not shown as a liability on the books of the Goodman-Buckley Trust Company until August 31, 1932. It further appears from the evidence that, on the same day the mortgage was shown on the books of the trust company, there was transferred to the trust company by the Goodman-Buckley Company, a mortgage known as the First Christian Church mortgage in the principal sum of $8,525.

Since this case is being tried *de novo,* a careful examination has been made of the pleadings and evidence, and we find that, at the time of investing his money in 1931, the plaintiff, who was a business man, 41 years of age, and experienced in the making of loans, knew that he was dealing with Goodman–Buckley, the partnership, and accepted their note as their individual obligation; that in the spring of 1932 he evidently became disturbed as to the soundness of his investment and some three months before its maturity demanded payment; that, when he received the note and mortgage in suit, he knew that the property was not the individual property of E. R. Goodman and N. E. Buckley, but that it was the property of the trust

company; that no consideration moved from plaintiff to the defendant trust company for the note and mortgage, and that the note and mortgage were executed by the officers of the trust company without lawful authority from the board of directors so to do.

Plaintiff, both in his oral argument and in his brief, strenuously contends that the transfer of the First Christian Church mortgage furnished the necessary consideration, but the answer to that contention is that the transfer of the First Christian Church mortgage was likewise without consideration and unauthorized, as that mortgage was owned either by the Goodman-Buckley Company or the Goodman-Buckley Trust Company, and not by Goodman-Buckley, the partnership. It is obvious that the officers of a corporation cannot pay their individual debts by the transfer or encumbrance of corporate property, and, in this case, it is immaterial which corporation the First Christian Church mortgage belonged to as, in any event, the transfer would be unauthorized.

It is next argued that the release by plaintiff of his claim against the partnership furnished an adequate consideration for the note and mortgage executed by the defendant trust company. There is no merit in this contention for the reason that the execution of the note and mortgage by the trust company was not authorized by its board of directors, but the entire transaction was an attempt by the officers of the trust company to pay their individual obligation with trust company assets.

Plaintiff next contends that, since Goodman and Buckley were the owners of each of the companies through which they were transacting business, and freely transferred the assets of one company to the books of another, a court of equity should look beyond the corporate entity and consider the real substantial parties in interest, and argues that, if that is done in this case, the court should find that all the business transacted by Goodman-Buckley, Goodman-Buckley Company and Goodman-Buckley Trust Company was, in reality, the business of E. R. Goodman and N. E.

Buckley, as they were the principal and, for all practical purposes, the only stockholders. In advancing this argument, plaintiff overlooks the rights of creditors of the various enterprises, and while a court of equity will look behind the corporate entity and consider the real parties in interest when necessary to promote justice, this will not be done where to do so would promote an injustice.

From the entire record, we are convinced that the findings and ruling of the trial court are correct and the judgment is

AFFIRMED.