NEWTON E. BUCKLEY V. STATE OF NEBRASKA.

FILED NOVEMBER 27, 1936. No. 29816.

*Shuman & Overcash* and *Halligan, Beatty & Halligan,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MUNDAY, District Judge.

CARTER, J.

In this case the state prosecutes the defendant, Newton E. Buckley, on a charge of embezzlement. The jury returned a verdict of guilty and the trial court sentenced the defendant to serve 18 months in the state penitentiary. From the overruling of his motion for a new trial, the defendant brings the case to this court for review.

The defendant first contends that the indictment was insufficient to charge a crime under the laws of Nebraska for the reason that an allegation of an intent to defraud was not incorporated therein. The only allegation of intent to defraud contained in the indictment is as follows: "And the said Newton E. Buckley did then and there unlawfully and

feloniously convert to his own use and embezzle said sum of money." The question is whether this allegation is sufficient.

The material part of the statute under which this prosecution was brought is as follows: "If any officer * * * of any incorporated company * * * shall embezzle or convert to his own use, * *. * without the assent of his or her employer or employers, or the owner or owners thereof, any money, * * * belonging to any other persons, body politic or corporate, * * * which shall have come into his or her possession or care, in any manner whatsoever, * * * every such person so offending shall be punished in the manner provided by law." Comp. St. 1929, sec. 28-544.

It will be noted that the charge is in the words of the statute. This court has repeatedly held that, where an indictment or information charging embezzlement sets forth the crime in the language of the statute or the equivalent thereof, it is sufficient. *Matters v. State,* 120 Neb. 404, 232 N. W. 781. We have also held that, where an information alleges all the facts or elements necessary to constitute the offense described in the statute and intended to be punished, it is sufficient. *McKenzie v. State,* 113 Neb. 576, 204 N. W. 60. While intent to defraud the owner of the property alleged to have been embezzled is an element of the crime of embezzlement which must be charged and proved, it is sufficiently charged in an indictment containing the following: "Did then and there unlawfully and feloniously convert to his own use and embezzle said sum of money." The word "embezzle" includes within its import the fraudulent appropriation of the funds of another to one's own use. The word "embezzle" is defined by Webster's New International Dictionary as follows: "To make away with; to steal; * * * to appropriate fraudulently to one's own use, as property entrusted to one's care." The word "embezzlement" is defined by an authoritative text as follows: "Embezzlement may be defined broadly as the fraudulent appropriation of another's property by a person to whom it has been entrusted or into whose hands it has

lawfully come." 20 C. J. 407. The information in this case sufficiently charges a crime, the material elements of which are defined by statute. The objection of the defendant to the indictment filed against him is very technical. Super-technical rules in the drawing of complaints, informations and indictments have been abandoned by this court in recent years where it appears that the defendant was not misled and understood the charge against him. *Trosper v. State,* 128 Neb. 165, 258 N. W. 62. We conclude therefore that the indictment filed in the case at bar charged all the elements of the crime of embezzlement as required by the statute.

The record in this case shows that during all the times herein mentioned the defendant was the secretary-treasurer of the Goodman-Buckley Trust Company of North Platte, Nebraska. The other officers of the trust company consisted of Edward R. Goodman as president; Grace S. Goodman as vice-president; Nell E. Buckley as assistant secretary-treasurer; and Edward R. Goodman, Grace S. Goodman, Nell E. Buckley, R. D. Rasmusson and Newton E. Buckley, the defendant herein, as directors. The evidence shows that Grace S. Goodman and Nell E. Buckley were sisters. It also appears that in 1923 Edward R. Goodman moved to Denver, Colorado, and that thereafter Newton E. Buckley was the managing officer of the Goodman-Buckley Trust Company.

It further appears from the record that the defendant operated a real estate and insurance business as his personal business under the trade-name of Bratt, Goodman & Buckley. The Goodman-Buckley Trust Company at all times carried on its business at the offices maintained by Bratt, Goodman & Buckley. Bratt, Goodman & Buckley owned the office fixtures and equipment, provided the clerical help and paid all operating expenses of the Goodman-Buckley Trust Company, for which they were to receive $360 annually. In addition to the two above concerns, Edward R. Goodman and Newton E. Buckley carried on a partnership business under the name of Goodman & Buckley. They had

also incorporated a holding company known as the Goodman-Buckley Company, the officers of which were identical with those of the Goodman-Buckley Trust Company. All of these concerns appear to have beeen treated more or less by Goodman and Buckley as one business. When one was short of cash, funds would be transferred to it from one of the others. The business of these companies and firms became so involved that they, as well as the individuals involved therein, took voluntary bankruptcy in November, 1933.

In August, 1932, the defendant was personally indebted to the First National Bank of North Platte in the sum of $8,421.66. The bank, through its cashier William H. Munger, was pressing him for payment of this indebtedness. Defendant then informed Munger that the Goodman-Buckley Trust Company owed him money and if he could obtain a loan for the trust company it would be able to pay him and that he would then pay the bank. Munger was the guardian of the estate of Frank A. Mooney, an incompetent, and had funds of that estate available for loaning purposes. He thereupon loaned the Goodman-Buckley Trust Company $6,000 and accepted two real estate mortgages belonging to the trust company as security for the loan. The $6,000 was deposited in the First National Bank to the credit of the Goodman-Buckley Trust Company. Buckley then drew a check against the Goodman-Buckley Trust Company in the amount of $4,200 in favor of Bratt, Goodman & Buckley, the trade-name of his personal business, and caused it to be credited to the account of Bratt, Goodman & Buckley. He immediately paid the First National Bank $4,316.84 from the account of Bratt, Goodman & Buckley and gave the bank his personal note for the balance due. The defendant is charged with embezzling the $4,200 represented by the check he drew against the Goodman-Buckley Trust Company in favor of Bratt, Goodman & Buckley, his personally owned and operated business.

The evidence shows that the $6,000 borrowed from Munger, as guardian of the estate of Frank A. Mooney,

was authorized by the board of directors of the Goodman-Buckley Trust Company, and it is thus shown in the minutes of the board of directors. The minutes do not show any authorization for the transfer of the $4,200 from the Goodman-Buckley Trust Company to Bratt, Goodman & Buckley. The check stub of the $4,200 check describes it as a "temp. loan." The records of the Goodman-Buckley Trust Company also showed at the time the $4,200 check was given that Bratt, Goodman & Buckley had a credit of $2,675. On the same date the records of Bratt, Goodman & Buckley showed that it had a credit of $2,175 with the Goodman-Buckley Trust Company.

The defendant, as a defense, contends that on August 19, 1932, the date of the transaction in question, the Goodman-Buckley Trust Company was indebted to him for seven months' expense of operation at the rate of $30 a month. He further contends that his salary as secretary-treasurer of the trust company was $100 a month, that he had drawn no salary since May 31, 1931, and that on August 19, 1932, the trust company was owing him $1,400 in back salary. The total indebtedness claimed by the defendant from the Goodman-Buckley Trust Company was therefore $4,285, an amount in excess of the amount that it is charged he embezzled. The contention of the defendant is that he took the money to pay himself what he had coming and without any intent to commit a wrong.

Defendant contends that the court erred in admitting in evidence the voluntary petition in bankruptcy sworn to by the defendant on November 28, 1933. The purpose of this evidence was to show that the defendant made no claim therein for back salary. This evidence is competent upon the question of whether the defendant was, at the time of the alleged embezzlement, in good faith claiming that the Goodman-Buckley Trust Company owed him a sum of money in excess of the amount alleged to have been embezzled. There was no error in the admission of this exhibit.

Defendant further claims that the court erred in ad-

mitting in evidence an audit of the books of Bratt, Goodman & Buckley set up by a public accountant. The record shows that the audit was made from trial balances, ledger accounts and other voluminous records that were in court, properly identified and with a proper foundation laid for their use at the time. Under such circumstances, an audit showing the conclusions of an accountant as to what such records show is properly admissible in evidence. *Hogoboom v. State,* 120 Neb. 525, 234 N. W. 422. Defendant contends that the testimony of the accountant that the books of Bratt, Goodman & Buckley showed its business to be insolvent was improperly admitted for the reason that it did not take into consideration other property of the defendant other than the business he operated under the name of Bratt, Goodman & Buckley. The trial court, however, limited the testimony of the accountant to the records present in the courtroom. In this we think the trial court was correct. Defendant had the right and did produce evidence that the audit did not include all the property of the defendant. This, of course, had a tendency to impeach the conclusion that defendant was insolvent, but it could not make the audit inadmissible as evidence for whatever it was worth in the estimation of the jury. We conclude that the trial court ruled correctly with reference to the audit and the testimony of the accountant.

Defendant further complains of the admission of certain evidence which tended to show that defendant was in hard financial circumstances shortly prior to the date of the alleged crime. Such evidence is competent even though it has a tendency to show that the defendant may have been guilty of other criminal offenses. Under such circumstances, the defendant is entitled to an instruction, if one is requested, limiting the purpose for which the evidence is admitted. In the instant case no such instruction was given or requested. This contention is therefore without merit.

It is further contended by the defendant that the evidence is insufficient to sustain a verdict of guilty. This argument

is based on the proposition that the state has failed to show beyond a reasonable doubt the intent of the defendant to defraud the owner of the funds alleged to have been embezzled. It must be borne in mind that the intent with which an act is done is purely a mental process and hard to establish by direct proof. It is generally a conclusion that must be drawn after a consideration of the actions of the defendant, viewed in the light of all the surrounding circumstances.

The record shows that the defendant was being pressed for funds at the time of the alleged embezzlement; that the books of Bratt, Goodman & Buckley, defendant's personally-owned business, did not show the indebtedness of the Goodman-Buckley Trust Company to it in the amount now claimed to be due; that defendant subsequently failed to list any such indebtedness when he filed his petition in bankruptcy; that defendant failed to inform other officers and directors of the trust company of the amount of indebtedness that he claimed to be due him; that the stub of the $4,200 check, made under defendant's direction, showed that it was a temporary loan; that the minutes of the board of directors did not authorize the payment of $4,200 to himself; and that the family relationship of the other officers of the trust company to him should be a subject of consideration in determining whether an oral assent had been given to the defendant as claimed by him. There is also evidence in the record that the salaries of the president and secretary-treasurer were discontinued on May 31, 1931. We think that these facts are such that it falls within the province of the jury to determine with what intent the act was done. The rule is well expressed in *Matters v. State, supra,* as follows: "The record presents a conflict of evidence upon material questions. It was for the jury to determine the credibility of the witnesses and the weight to be given to their testimony. In *Williams v. State,* 115 Neb. 277, the rule is announced in the following language: 'This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so

lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt.' Other cases adhering to this rule are *Curtis v. State,* 97 Neb. 397; *Denker v. State,* 106 Neb. 779; *Smith v. State,* 109 Neb. 579; *Ingoldsby v. State,* 110 Neb. 495." We conclude that we are unable to say as a matter of law, under the record of this case, that the verdict is not sustained by sufficient evidence.

Defendant contends that the evidence shows that the directors of the Goodman-Buckley Trust Company assented to the transfer of the $4,200 to him. The record shows that two of the directors testified that they orally assented to the transfer of funds to the defendant to pay the indebtedness that was due him at the time. The amount due him at that time, as shown by the books of the trust company, was $2,675. The evidence does not show an assent to the transfer of any funds in excess of the amount shown on the books, with which it will be presumed they were familiar. In addition to this, we think the trial court properly instructed the jury that the assent of the trust company could be made to the payment of a debt due the defendant but that it was not within the power of the trust company to assent to a loan to one of its officers, such a loan being within the prohibition of section 8-206, Comp. St. 1929.

The jury determined that the defendant wrongfully appropriated $1,315 of the funds of the Goodman-Buckley Trust Company to his own use with an intent to defraud the trust company of that amount. The evidence is sufficient to sustain this verdict. Under such circumstances, it is not within the province of this court to interfere with the verdict of the jury. The judgment is

AFFIRMED.