FRED L. BURKE, TRUSTEE, APPELLEE, V. WILLIAM H. MUNGER: FIRST NATIONAL BANK OF NORTH PLATTE, APPELLANT.

292 N. W. 53

FILED MAY 3, 1940.   No. 30797.

*E. H. Evans* and *Urban Simon,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

Plaintiff brought this action in the district court for Lincoln county. The case proceeded against the defendant, First National Bank of North Platte. The plaintiff's contention is that the cause is one in equity for the purpose of following assets of the Goodman-Buckley Trust Company into the defendant bank and to have such assets returned to the plaintiff, on the principle that the property of the corporation could not be taken and applied on the private debt of an officer of the corporation. The petition relates facts in support of plaintiff's contention. Such facts shown by the record will be stated when occasion requires. Defendant bank's amended answer contains a general denial, alleges *res judicata,* estoppel, and ratification. The decree and judgment of the trial court were in favor of the plaintiff. Defendant bank appeals.

The record discloses three organizations, all subjects of bankrupt estates, transacting business at the same place with the same clerical help, and so managed as to lend considerable confusion to a proper analysis of the assets and

liabilities of each. The obvious intent was to maintain the solvency of the Goodman-Buckley Trust Company at all times. This latter corporation was organized under the banking laws of Nebraska. The purpose was to secure funds of investors, to be invested in first mortgages. Defendant Newton E. Buckley was the secretary-treasurer of the trust company. The other officers consisted of Edward R. Goodman as president; Grace S. Goodman as vice-president; Nell E. Buckley as assistant secretary-treasurer; and Edward R. Goodman, Grace S. Goodman, Nell E. Buckley, R. D. Rasmusson and Newton E. Buckley as directors. Grace S. Goodman and Nell E. Buckley were sisters. In 1923 Edward R. Goodman moved to Denver, and thereafter Newton E. Buckley was the managing officer of the Goodman-Buckley Trust Company.

Defendant Newton E. Buckley operated a real estate and insurance business as his personal business under the tradename of Bratt, Goodman & Buckley. The Goodman-Buckley Trust Company at all times carried on its business at the offices maintained by Bratt, Goodman & Buckley; the latter owning the office fixtures and equipment and paying all operating expenses of the trust company. In addition to the two foregoing concerns, Edward R. Goodman and Newton E. Buckley carried on a partnership business under the name of Goodman & Buckley. They also incorporated a holding company, known as the Goodman-Buckley Company, the officers of which were identical with those of the Goodman-Buckley Trust Company. All of the businesses appear to have been treated more or less by Goodman and Buckley as one. When one was short of cash, funds would be transferred to it from one of the others. The business of these firms became so involved that they and the individual officers took voluntary bankruptcy and were so adjudged on or about November 18, 1933. The plaintiff was appointed trustee in bankruptcy January 27, 1934. The transactions involved in the instant case occurred August 13, 1932. Newton E. Buckley had been at different times personally indebted to the defendant bank in large sums of money. On

or about the date in question this indebtedness to the bank exceeded $8,000.

William H. Munger, cashier of the defendant bank, and in such capacity obviously acquainted with the accounts of the respective concerns, as each transacted business with the bank, and consequently in a position to know the status of Newton E. Buckley's personal account with the bank, sought to have Buckley reduce his personal indebtedness to the bank. The manner in which it was finally arranged, in substance, follows: Munger was the guardian of one Mooney, a mental incompetent; as such, he had money of his ward to invest. After consulting with the attorneys representing the guardianship, and obtaining an order from the county court, he, as such guardian, loaned to the Goodman-Buckley Trust Company $6,000, which was approved by the members of the board of directors of the bank and of the trust company, taking as security an assignment of two real estate mortgages belonging to the trust company, totaling $7,325. The $6,000 was deposited to the account of the trust company and a check drawn thereon to Bratt, Goodman & Buckley. Newton E. Buckley signed a check of Bratt, Goodman & Buckley for the money, to apply on his personal note to the bank, the amount involved being $4,200. Authorization for the transfer of this amount from Goodman-Buckley Trust Company to Bratt, Goodman & Buckley does not appear to have been given; it is shown as a temporary loan. Munger based his reason for the transaction on his knowledge of the personal financial responsibility of Newton E. Buckley, previous property statements made by Buckley to the bank, and also stating that a large portion of Buckley's personal fortune went into the different business enterprises, and Munger further believed the Goodman-Buckley Trust Company to be solvent. Testifying as an expert and by examination of the books of the firms here involved, Munger concluded the $4,200 had been repaid by Newton E. Buckley to the Goodman-Buckley Trust Company, with the exception of $400.

A great part of the record consists of the bankruptcy pro-

ceedings and accounts, to show the solvency or insolvency of the Goodman-Buckley Trust Company. A résumé of this evidence would unnecessarily lengthen this opinion. We conclude, from a careful examination of the record, that all of the businesses herein mentioned were bankrupt prior to the time of the adjudication thereof. The manner of transacting the different businesses and of the intermingling of the funds is significant.

The defendant bank assigns as error that it was denied the right to a jury trial, contending that the case is, in fact, an action at law, wherein the plaintiff seeks to recover a money judgment, and based on the proposition that, where the fraudulent intent in making a transfer of a debtor's property is to be determined by evidence collateral to the writing, such question is determinable alone by a jury, citing authorities.

The purpose of the present action has been previously stated. The money loaned by Munger, representing defendant bank as cashier and the guardian of the incompetent's estate, became the property of the Goodman-Buckley Trust Company, and the security given therefor was the two mortgages. When the Goodman-Buckley Trust Company loaned the money to Bratt, Goodman & Buckley, that is, the amount of $4,200, the latter sum became the property of Newton E. Buckley. This amount reduced his private indebtedness to the defendant bank. The effect of the transaction would be to add to the liability of the trust company to pay on an individual obligation of one of its managing officers to the bank.

Officers of a corporation may not pay their individual debts by a transfer or encumbrance of the corporation property. See *Bordy v. Goodman-Buckley Trust Co.*, 131 Neb. 342, 268 N. W. 286. In that case Bordy took a mortgage of the trust company direct, to secure the debt which Buckley owed him, and in the instant case Buckley had the trust company give an assignment of two mortgages, constituting assets of the trust company, to the guardian making the loan to the trust company, and subsequently Bratt,

Goodman & Buckley; in fact, Newton E. Buckley, used $4,200 of the original loan to pay the bank, to reduce his private indebtedness, with the knowledge of all concerned as to the complete transaction. The similarity of the cases is apparent. It is not within the power of the trust company to assent to a loan to one of its officers, such a loan being within the prohibition of section 8-206, Comp. St. 1929. See, also, *Buckley v. State,* 131 Neb. 752, 269 N. W. 892. The 4,200-dollar item, reducing the private indebtedness of Newton E. Buckley, remained at all times in the control of Munger. The bank received the benefit of the transaction, was out nothing, and parted with no consideration.

Whether this action is one in equity or one at law need not be determined. If it is one at law, wherein the relief asked is for a money judgment against the bank, we conclude that the facts and circumstances would entitle plaintiff to a directed verdict in the event of a jury trial, and that therefore no prejudice would result to defendant bank by a judgment as rendered herein.

Defendant bank further contends that the matters litigated are *res judicata.* The action was originally instituted in the district court of the United States, where motions to dismiss, filed by defendants, were sustained. The court held that there was no adequate allegation of the insolvency of the trust company at the time, so that the trustee stood in the position of the creditors of an insolvent corporation, at the time of the transfer, to recover the fraudulent conveyance; that the court had no jurisdiction of the controversy except under section 70 (e) of the act. Section 110 (e), title 11, U. S. C. A. (p. 442) as far as applicable reads: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. * * * For the purpose of such recovery any court of bankruptcy as defined in this

title, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The plaintiff's contention is that the action was brought in the state court to obtain the benefit of section 70 (a) of the national bankruptcy act, being section 110 (a), title 11, U. S. C. A. (p. 441). Said section provides: "The trustee of the estate of a bankrupt * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt * * * to all * * * (4) property transferred by him in fraud of his creditors; * * * and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property." In the state court the plaintiff pleaded that on August 13, at the time of the transaction in controversy, both the trust officer, Buckley, and the trust company were wholly insolvent, and the moneys and properties involved were trust funds and trust property, for the investors in said trust company at that time, who are now the creditors, and on whose behalf this action is maintained by the plaintiff. The action brought in the federal court was a suit by the trustee in bankruptcy, to set aside the assignments of the mortgages to the Mooney estate because of the illegal transfer in fraud of the trust company. This constituted a direct conveyance of the trust company to the Mooney estate which was being attacked. It would be subject to rules of estoppel and any other defenses that the trust company was not injured; therefore, it must be alleged that the bankrupt was insolvent, and the petition was deficient in this regard. The present action was in the state court for the purpose of following the money abstracted by the trust officer from the trust funds and turned over to the bank to pay a private debt of the trust officer. This was not a conveyance to the bank by the trust company itself. Such action may be maintained under section 70 (a) of the bankruptcy act. The two actions are entirely different, as heretofore pointed out.

"When the second action between the same parties is upon a different claim or demand, or cause of action, it is

well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined." 15 R. C. L. 973, sec. 450.

The defendant bank, in an amended answer, alleges: "In an action begun in the District Court of the United States District of Nebraska, North Platte Division wherein the parties thereto were identical to those in the instant cause of action, the said cause of action was by the court dismissed and such action is now binding upon this court and the same is *res adjudicata.*"

"The party relying upon a former adjudication as a defense must aver in his answer in what court the judgment was rendered, and plead facts showing that the recovery was upon the same subject-matter and between the same parties, or their privies, as the suit in which the defense of *res adjudicata* is made, and that the judgment is in full force." *Thomas v. Thomas,* 33 Neb. 373, 50 N. W. 170.

Tested by the foregoing rule, the amended answer in the instant case fails to state a defense of *res judicata.* It merely discloses that a suit was brought in the United States district court between the same parties, and that the suit was dismissed and is binding on the plaintiff. No facts are pleaded showing that the recovery was upon the same subject-matter. Such facts must be pleaded under the rule. The amended answer is insufficient to raise the defense of *res judicata.*

Defendant bank contends that no funds were withdrawn or misappropriated, but were merely loaned and repaid to the corporation prior to bankruptcy by Newton E. Buckley, the managing officer and general manager, having authority so to do. The amended answer of the defendant bank does not plead payment, an affirmative defense, and, in order for the bank to avail itself of such defense, the same must be pleaded. See *Cady v. South Omaha Nat. Bank,* 46 Neb. 756, 65 N. W. 906; *Union Stock Yards Nat. Bank v. Haskell,* 2 Neb. (Unof.) 839, 90 N. W. 233.

A further contention is that the case of *Buckley v. State, supra,* determined that $1,315 of the funds of the Goodman-

Buckley Trust Company were wrongfully appropriated by Buckley for his own use, with the intent to defraud the trust company of such amount; that this constitutes a limitation upon the plaintiff's recovery in the present action, and, further, that there can be no recovery from the bank in any event, for the reason that the bank had made inquiry and believed both Goodman-Buckley Trust Company and Newton E. Buckley to be solvent. The substance of this evidence and an analysis thereof have been previously stated. In the case of *Buckley v. State, supra,* involving the same transaction, this court held that it was not within the power of the trust company to consent to a loan to one of its officers, such a loan being within the prohibition of section 8-206, Comp. St. 1929.

We are convinced that any accounting had, disclosing the amounts that may be found to be due Buckley from the Goodman-Buckley Trust Company, or *vice versa,* and the relationship of any of such amounts that he may have appropriated to his own personal use from the Goodman-Buckley Trust Company, is a matter between the Goodman-Buckley Trust Company and Newton E. Buckley, and not a matter as between the trustee in bankruptcy and the defendant bank. It must be remembered that at all times the bank had the use of the $4,200 which reduced Newton E. Buckley's private obligation to the bank. This amount has never been paid back into the Goodman-Buckley Trust Company by the bank, or to the trustee in bankruptcy. The sole question to determine in this respect is whether or not the defendant bank, under the circumstances and evidence in this case, received this $4,200 legally, in such a manner as to warrant it in retaining the amount for the bank's benefit, to reduce the personal indebtedness of Newton E. Buckley.

This court, in a recent case, *Kuhns v. Live Stock Nat. Bank,* 137 Neb. 459, 289 N. W. 893, a law action brought by a trustee in bankruptcy against the bank to recover funds credited by the bank to the indebtedness of an officer of the corporation in payment of his private debt, in substance, held the money to be recoverable by the trustee, in that the

bank was charged with such knowledge of the facts as devolved upon it the duty of making inquiry. In the instant case, the defendant bank concedes that it made and relied upon inquiry, concluding that the Goodman-Buckley Trust Company and Newton E. Buckley were solvent. We are convinced that defendant bank knew the financial status of each and every company and individual here considered, and that, if it had properly acted upon such inquiry made by it, the bank would have learned that Newton E. Buckley, as managing officer of the corporation, had no authority to use corporate funds for the payment of his own personal obligation to it, and the bank, under such circumstances, would not have taken the $4,200 here in question.

In *Kuhns v. Live Stock Nat. Bank, supra,* are cited the cases of *McCullam v. Buckingham Hotel Co.,* 199 S. W. 417 (198 Mo. App. 107), holding: "One accepting corporate checks drawn by an officer in payment of his private obligations must return the proceeds if corporate funds were thereby misapplied;" and *Boyle v. Lewiston Trust Co.,* 136 Atl. 292 (126 Me. 74), wherein it was said: "A trustee in bankruptcy represents the creditors and hence is not estopped from recovering corporation funds used to pay an officer's personal obligations, even though the directors or stockholders consented to such payment;" the opinion in the Nebraska case adding that "the trustee represents the creditors of the corporation and they are not estopped because the directors acquiesced in or consented to such payments."

With reference to the trustee in bankruptcy intervening in the foreclosure of the mortgages assigned in the guardianship matter and later foreclosed by the personal representative of the deceased Mooney, and receiving the excess over and above the amount of the loan, such action on the part of the trustee does not amount to, nor is it a ratification of, the acts of the Goodman-Buckley Trust Company, Newton E. Buckley, or the defendant bank. The trustee was merely doing his duty in obtaining what assets he could belonging to the Goodman-Buckley Trust Company for the creditors of the bankrupt estate. This action on his part does not constitute estoppel.

We conclude that the trial court correctly entered judgment against the defendant bank in the sum of $5,838, and costs of action.

AFFIRMED.