VAL-U CONSTRUCTION COMPANY OF SOUTH DAKOTA,
INC., A CORPORATION, APPELLEE, V. CONTRACTORS, INC.,
A CORPORATION, APPELLANT.

328 N.W.2d 774

Filed January 7, 1983. No. 81-753.

Paul R. Elofson of Abrahams, Kaslow & Cassman, for appellant.

Douglas E. Quinn of Thompson, Crounse and Pieper, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

This case arises out of a security agreement in which Fred Valandra, the president of Val-U Construction Company of South Dakota, Inc., a corporation, pledged a 1979 Chevrolet van, the property of the corporation, as security for a personal loan to him from Contractors, Inc.

On June 29, 1981, the plaintiff, Val-U Construction Company, commenced this action in replevin to recover title to and possession of the van from the defendant, Contractors, Inc. The trial court found that the loan from the defendant was made to Valandra in his personal capacity and that the defendant had no valid security interest in the van. The defendant was ordered to deliver title and possession of the van to the plaintiff. The defendant has appealed.

The evidence shows that on September 17, 1980, pursuant to a loan agreement between Valandra and the defendant, Valandra executed a promissory note in the amount of $5,000 in favor of the defendant and signed a security agreement granting the defendant a security interest in the 1979 Chevrolet van.

Valandra also signed a "disclosure statement of loan" listing himself as debtor, although the security agreement listed the plaintiff as the debtor. The check, note, and disclosure statement were not signed by Valandra in his corporate capacity. The defendant issued its check for $5,000 payable to Valandra. The certificate of title to the van, issued to the plaintiff, was delivered to the defendant.

On March 10, 1981, a check for $5,250 drawn on the plaintiff's account by Valandra, and payable to the defendant, was delivered to the defendant. A notation on the check indicated it was for loan repayment. The check was returned by the payor bank marked "Endorsement missing." On March 17, 1981, payment was stopped on all items presented for payment on the plaintiff's account. The bank stopped payment on the check and the defendant received no payment on the loan.

The defendant repossessed the van following the stop payment order and it was sold at a private sale to a third party. The buyer was unable to pay the purchase price and returned the title to the defendant.

There was no evidence as to whether the acts of Valandra were in excess of his corporate authority or were subsequently ratified by the corporation.

The evidence supports the finding that the loan to Valandra was made in his personal capacity. The check from the defendant was payable to him personally. The note listed his home address rather than his business address, and the note and disclosure statement were signed by Valandra in his personal capacity. The finding that the loan was made to Valandra personally was not against the weight of the evidence and was not clearly wrong.

Generally, there is a presumption that the acts of corporate officers pertaining to ordinary business transactions are authorized by the corporation. *Geyer v. The Walling Co.,* 175 Neb. 456, 122 N.W.2d 230 (1963); *Koepplin v. Pfister Hybrid Co.,* 179 Neb.

423, 138 N.W.2d 637 (1965). However, this presumption does not apply when an officer diverts or pledges corporate property as security for a personal debt.

In *Burke v. Munger,* 138 Neb. 74, 292 N.W. 53 (1940), it was held that officers may not pay their personal debts by transfer or encumbrance of corporate property. This same conclusion had been reached in an earlier case, *Bordy v. Goodman-Buckley Trust Co.,* 131 Neb. 342, 268 N.W. 286 (1936). This rule is also stated at 19 C.J.S. *Corporations* § 773 (1940).

When a corporate officer acts outside the scope of ordinary business, no presumption of authority arises and the other party to the transaction must make an inquiry into the officer's authority. In *Electronic Development Co. v. Robson,* 148 Neb. 526, 535, 28 N.W.2d 130, 136-37 (1947), this court said: " 'It is true that a corporation can act only by its agents, and the presumption is that an act pertaining to its ordinary business, when performed by its president, secretary or general manager, is legally done and is binding upon the corporation, yet no such presumption prevails, when the act done by such officers does not fall within the scope of the powers conferred upon and usually exercised by them as part of the ordinary business of the corporation.' "

In *Scottsbluff Nat. Bank v. Blue J Feeds, Inc.,* 156 Neb. 65, 54 N.W.2d 392 (1952), a corporate vice president who was authorized by resolution to borrow "in the name of the Corporation" but only "on behalf of the Corporation" borrowed money in the corporate name and deposited the proceeds in his personal account. We held that the lender bank had a duty of inquiry and investigation to ascertain its own authority and that of the officer. The general rule is that express authority to borrow does not permit an agent to take the proceeds for his own use and behalf. Such action constitutes a sufficient warning of lack of authority.

In *Bank of Benson v. Gordon,* 103 Neb. 508, 511, 172 N.W. 367, 368 (1919), this court stated: "It is within the apparent scope of the authority of a president and general manager of a trading corporation to indorse a negotiable instrument that is payable to the order of the corporation, only in furtherance of the business of such corporation. Where such instrument is indorsed by a corporate officer in the corporate name and given as collateral security for a loan to himself individually, . . . this it seems is sufficient to put the lender on inquiry as to the actual authority of the corporate officer to make such transfer."

There was no presumption that Valandra was authorized to grant a security interest in corporate property as collateral for a personal loan. The fact that Valandra sought to grant a security interest in corporate property for a loan in which the proceeds were payable to himself imposed a duty on the defendant to ascertain Valandra's authority.

One without authority to encumber the property of another can not grant a valid security interest in such property. To create a valid security interest, by a security agreement, Neb. U.C.C. § 9-203 (Reissue 1980) requires that the debtor sign the security agreement, that value be given, and that the debtor have rights in the collateral. Although the code permits a security interest to be taken in property owned by a third party, the authority to encumber the property must be established under other rules of law. See Comment to Neb. U.C.C. § 9-112 (Reissue 1980). Generally, an authorization to encumber the property of another is required before the requisite "rights in the collateral" arise in the obligor-debtor.

In *Gen. Motors Accept. Corp. v. Wash. Tr. Co.,* ____ R.I. ____, ____, 386 A.2d 1096, 1098-99 (1978), the Rhode Island Supreme Court stated: "The phrase 'rights in the collateral' as used in § 6A-9-204(1) has no clear definition. However, the code recognizes

that a debtor who does not own the collateral may nonetheless use the collateral for security, thereby acquiring 'rights in the collateral,' when *authorized* to do so by the actual owner of the collateral." (Emphasis supplied.)

In *Clearfield State Bank v. Contos,* 562 P.2d 622, 624 (Utah 1977), the Utah Supreme Court in interpreting § 9-112 held: "It will be noted that that section does not apply to a situation . . . where the debtor . . . pledges someone else's . . . property *without authority* to do so. It applies to situations where the owner of property, though not the debtor, *is willing* that his property be pledged to secure the indebtedness of another; and it provides for the protection of his property rights." (Emphasis supplied.) See, also, *Towe Farms, Inc. v. Cent. Iowa Prod. Credit,* 528 F. Supp. 500 (S.D. Iowa 1981). The finding of the District Court that the defendant had no valid security interest in the van is supported by the record.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.