PWA FARMS, INC., A NEBRASKA CORPORATION, APPELLEE, V. NORTH PLATTE STATE BANK, A NEBRASKA BANKING CORPORATION, APPELLANT.

371 N.W.2d 102

Filed July 26, 1985.   No. 84-477.

Donald W. Pederson and David W. Pederson of Murphy, Pederson, Piccolo & Pederson, for appellant.

David A. Domina of Domina & Gerrard, P.C., for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

White, J.

The defendant, North Platte State Bank, appeals from an order of the district court awarding the plaintiff, PWA Farms, Inc., $15,082.03 for the conversion and wrongful application of the proceeds of a negotiable instrument by the defendant.

The appellee, PWA Farms, Inc., is a Nebraska corporation that was formed in 1977 to acquire a farm in Lincoln County. PWA was owned and operated by Glenn Williams, A.M. Wingate, and Duane Kantor. PWA owned the farm until June 15, 1980, when it was sold on contract to DRW Farms, an Illinois partnership. As part of the purchase price, DRW agreed to pay the outstanding balance of PWA's mortgage to Mutual of New York (MONY). By the terms of the sale DRW acquired all interests in the growing crops, as well as the title to the real estate.

In July of 1980 Williams requested a loan from the North

Platte State Bank for closing expenses on the sale of the farm. On July 23, 1980, a $40,000 loan was made by the bank for these closing expenses, and a promissory note was signed by Williams as "Pres." of PWA. The proceeds of this loan were deposited in the Williams Trucking Company account. This loan was paid off in August 1980. On August 16 or 17, 1980, Williams contacted the bank about a second loan for PWA farm expenses. A promissory note for $17,000 was executed and signed by Williams personally on August 18, 1980. The proceeds were again placed in the Williams Trucking account. No evidence was produced to indicate whether PWA ever received this money.

Pursuant to DRW's agreement to pay the mortgage on the farm, an interest payment attributable to the period of June 15 to December 31, 1980, was due in the amount of $15,082.03. Since the MONY mortgage had a due-on-sale clause, DRW delivered its check to the defendant bank. It was assumed that the bank would apply the proceeds of the check to the MONY mortgage for PWA's benefit, thus concealing from MONY the fact of the sale. This arrangement was never reduced to writing. The bank denies knowledge of any such arrangement.

When the $17,000 note for farm expenses came due, the bank contacted Williams. Williams told the bank that a check would be coming from Chicago to be applied against the note. Later, the bank received a check for $15,082.03 from Chicago, but there were no instructions included with this check. However, a copy of a statement from MONY indicating the payment amount due on the mortgage was included. The check was made payable to North Platte State Bank, issued and mailed by DRW, and was noted "Interest re: PWA Farms." The bank then called Williams concerning the check, and Williams told the bank that the check was to be applied to the $17,000 loan. PWA claims it never received any benefit from Williams' $17,000 loan or the $15,082.03 check.

The claims of DRW were assigned to PWA, and this action resulted. PWA asserted these causes of action against the bank: (1) simple conversion; (2) negligence in discharging the duties of the bank as a collecting bank by misapplying the proceeds of a check; and (3) breach of warranties pursuant to Neb. U.C.C.

§ 4-207 (Reissue 1980). Following a trial to the court, judgment was entered for PWA on the theory of conversion and negligent misapplication of the proceeds of the check.

The defendant claims the district court erred in failing to find (1) that the promissory note for $17,000, negotiated by Williams, was a PWA debt; (2) that PWA received the benefits of the proceeds from the $17,000 loan; (3) that the bank was not negligent in its handling of the DRW check or in the application of the proceeds from that check; (4) that the PWA was estopped from asserting at trial that it never received the benefits of the August 1980 loan, due to its prior inconsistent position; (5) that the testimony of two officers of PWA was insufficient to establish that the corporation did not receive the proceeds of the $17,000 loan; and (6) that the bank owed no duty to inquire of DRW as to the purpose of the check in question.

The district court found that the defendant had converted the proceeds of DRW's check and also had negligently misapplied the proceeds of the check. We agree with the district court.

PWA claimed that North Platte State Bank converted funds of DRW, PWA's assignor, in this case. A bank that commits conversion has violated the Uniform Commercial Code. Neb. U.C.C. § 1-103 (Reissue 1980) states that principles of law and equity shall supplement the provisions of the Uniform Commercial Code. This case can be decided on conversion without addressing any other provisions of the code.

A conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights. *Prososki v. Commercial Nat. Bank*, 219 Neb. 607, 365 N.W.2d 427 (1985). The plaintiff in an action for conversion must allege facts showing a right to immediate possession of the property at the time of the conversion. *Prososki v. Commercial Nat. Bank, supra.* A negotiable instrument can be the subject of conversion. *Bryant Heating v. United States Nat. Bank*, 216 Neb. 107, 342 N.W.2d 191 (1983).

PWA does not claim ownership of the check but maintains the action of conversion as the assignee of DRW, the drawer of the check. DRW assigned to PWA all of its claims, actions, or demands against the defendant arising out of defendant's

application of the proceeds of the $15,082.03 check to obligations of Williams. DRW issued the check in question to the defendant as the payee. However, DRW intended to maintain control of the check insofar as it was to be used to make a payment to MONY. DRW was the "owner" of the check and may maintain an action for conversion against the defendant. The defendant was not instructed as to the disposition of the check but should have been on notice that the check should not have been negotiated until further instructions were received from DRW. By applying the proceeds of the check against Glenn Williams' personal loan, the bank was clearly exercising a wrongful act of dominion over the proceeds of DRW's check. It is elementary that when a check is drawn to the order of a bank and the drawer gives no specific instructions as to the disposition of the funds, the bank has no right to pay the proceeds of the check to a stranger to the transaction. The bank wrongfully converted DRW's check.

The district court found that the defendant was negligent in its handling of the check and its misappropriation of the funds of that check. PWA claims that North Platte State Bank failed to secure instructions from DRW for disposition of the proceeds of the check on which the bank was named as payee. The defendant's contention is that a bank is not on notice unless a check payable to it is presented by a third party with instructions to deposit the check in that party's personal account. It also argues that the instructions it received from Glenn Williams were sufficient. We disagree. Williams was not the drawer of the check. The bank should have contacted DRW, the drawer, for instructions. By using a bank's name as the payee of the check, a drawer is intending to place the proceeds in the bank's custody and under its control, and nothing may be inferred from the language of the check. *Sun 'n Sand, Inc. v. United California Bank,* 21 Cal. 3d 671, 582 P.2d 920, 148 Cal. Rptr. 329 (1978). In *Sun 'n Sand, Inc.,* the California Supreme Court dealt with negligence as it related to the actions of a bank when it received altered checks made payable to it from a corporation. The bank received the checks and credited the account of the employee who altered the checks. It is a well-established rule that when a check is drawn to the order of

a bank to which the drawer is not indebted, the bank is authorized to pay the proceeds only to persons specified by the drawer; it takes the risk in treating such check as payable to bearer and is placed on inquiry as to the authority of the drawer's agent to receive payment. *Sun 'n Sand, Inc. v. United California Bank, supra.*

In the instant case the defendant bank affirmatively took the risk when it contacted Williams to inquire as to what to do with the proceeds of the DRW check. The bank could have just as easily contacted DRW for instructions or, in the alternative, returned the check to DRW. Both of these actions would have been reasonable under the circumstances. The bank was put on notice and had a duty to inquire as to what to do with the proceeds of the DRW check. It breached this duty when it negotiated the check without receiving instructions from DRW.

Since DRW's conversion claim was assigned to PWA, the defendant is essentially claiming that the alleged amount converted, $15,082.03, should be set off against the benefit PWA received. The defendant claims that Williams' $17,000 loan was a corporate loan to PWA, that the application of the proceeds of DRW's check to the $17,000 loan benefited PWA, DRW's assignee, and that the amount converted should be set off against the amount of the benefit to PWA. We disagree.

In analyzing defendant's setoff claim, we must determine whether PWA was liable on Williams' $17,000 loan or whether PWA received the benefits of the $17,000 loan. "No person is liable on an instrument unless his signature appears thereon." Neb. U.C.C. § 3-401 (Reissue 1980). Williams signed the $17,000 note in question personally, and the only reference to PWA was an annotation on the note "for the purpose of P.W.A. Farms Expenses." Since Williams signed the note, it appears that he would be personally liable. However, if a corporate officer signs a note, the corporation may be liable on the underlying obligation. In *Val-U Constr. Co. v. Contractors, Inc.*, 213 Neb. 291, 294, 328 N.W.2d 774, 776 (1983), we stated:

> When a corporate officer acts outside the scope of ordinary business, no presumption of authority arises and the other party to the transaction must make an inquiry into the officer's authority. In *Electronic Development*

*Co. v. Robson*, 148 Neb. 526, 535, 28 N.W.2d 130, 136-37 (1947), this court said: " 'It is true that a corporation can act only by its agents, and the presumption is that an act pertaining to its ordinary business, when performed by its president, secretary or general manager, is legally done and is binding upon the corporation, yet no such presumption prevails, when the act done by such officers does not fall within the scope of the powers conferred upon and usually exercised by them as part of the ordinary business of the corporation.' "

In *Furrer v. Nebraska Building & Investment Co.*, 111 Neb. 423, 425, 196 N.W. 680, 681 (1923), we said, "It is a rule of law, supported by ample authority, that an agent may not borrow money and bind his principal for its repayment, unless such authority is expressly conferred or necessarily implied by the authority granted."

No corporate authority was given for Williams to borrow money for PWA. There is no evidence to show that PWA received any of the proceeds of the $17,000 loan. The officers of PWA testified that they did not receive the benefits of the loan. Furthermore, there was no evidence presented by the defendant that any of Williams' $17,000 loan was used for PWA expenses. The proceeds were deposited in the Williams Trucking account at defendant bank. A check was then drawn on that account and made payable to Williams Management and PWA. This check was deposited in the Williams Management trust account at another bank. The plaintiff, PWA, established a prima facie case of conversion against the defendant, North Platte State Bank. PWA also produced sufficient evidence that it did not authorize Williams to borrow $17,000, that it did not authorize the payment of Williams' loan, and that it did not receive any benefits from the loan. The defendant had the burden of going forward but failed to produce evidence that PWA received any benefit from Williams' $17,000 loan. PWA was not liable on Williams' $17,000 loan and did not receive any proceeds from the loan. Therefore, when the DRW check was applied against the loan, PWA received no benefit.

The measure of damages for conversion is the market value of the converted property on the date of conversion. *Associated*

*Bean Growers v. Chester B. Brown Co.*, 198 Neb. 775, 255 N.W.2d 425 (1977). Since PWA did not receive the benefits of the $15,082.03 check from DRW and DRW received no benefits from its check, PWA and its assignor, DRW, were damaged to the extent of $15,082.03.

The defendant assigns as error that there was insufficient evidence to support the trial court's finding that PWA did not receive the benefit of the proceeds of the DRW check. In *Grubbs v. Kula*, 212 Neb. 735, 325 N.W.2d 835 (1982), we stated:

> In a law action tried without a jury, it is not within our province to resolve evidentiary conflicts or to weigh evidence; rather, it is our obligation to review the judgment entered in light of the evidence and to consider the evidence in that light most favorable to the successful party, resolving all conflicts in his favor and granting him the benefit of every inference which is reasonably deducible therefrom.

(Syllabus of the court.) Viewing the evidence in the instant case in a light most favorable to the plaintiff, we must agree with the district court. The defendant failed to produce sufficient evidence supporting its claim that the plaintiff received the benefit of the check.

The defendant further claims that the plaintiff was estopped from asserting at trial that it never received the benefits of the $17,000 loan, due to its prior inconsistent position. However, the defendant did not object to this evidence at trial. A party on appeal may not assign the admission of evidence as error where no objection was made thereto in the trial. *Breiner v. Olson*, 195 Neb. 120, 237 N.W.2d 118 (1975). Furthermore, we do not find in the record any inconsistencies in plaintiff's case.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.